## Thorn vs. Smith & Wright.

A declaration by a *partner*, though made during the existence of a partnership, that a liability incurred by a third person, at his request, in the borrowing of a sum of money, was for the benefit of the firm, is not binding upon his co-partner.

Had a note been given *in the partnership name*, the rule would have been different; then the *onus* would have lain upon the co-partner to show that the note was given for the *individual debt* of the partner who gave it.

THIS was an action of *assumpsit* for money paid. The declaration contained the *money counts* only; Wright alone was brought into court. On the trial it was proved, that in *September*, 1835, the defendants were *partners* in the saddling business; which partnership has since been dissolved. Previous to the dissolution, *Smith*, one of the defendants, told a witness that he wanted to borrow $100 *for the partnership*, and that he applied to the plaintiff to aid him in procuring the money; that the plaintiff told him to draw his note for $200 that he would endorse it, and take one half of the sum for his own use. That a note was accordingly drawn and endorsed, which he (Smith) procured to be discounted, and that he paid one half the sum received to the plaintiff. When the note fell due, the plaintiff took it up. This witness further testified that the business was done *in Smith's name* and that *Wright* was not gene-

rally known in the concern. The note was proved to be lost, but it was shown to have been a note *signed by Smith,* payable to the order of the plaintiff ninety days after date, and to have born date 3d or 5th September, 1835. The plaintiff claimed to recover one half its amount, with the interest thereof. The counsel for the defendant *Wright* insisted that the plaintiff was not entitled to recover ; that the evidence did not sustain the declaration ; that the plaintiff should have averred the *partnership,* or that the note was made *in the partnership name ;* and that the declaration of *Smith,* made *subsequent* to the creation of the debt, was not sufficient to charge *Wright.* The circuit judge overruled these objections, and the jury, under his direction, found a verdict for the plaintiff. The defendant asks for a new trial.

*M. T. Reynolds,* for the defendant.

*J. Holmes,* for the plaintiff.

*By the Court,* NELSON, Ch. J. It was not competent for *Smith* by his declaration, even during the existence of the partnership, to change what on the face of the transaction appeared to be an individual debt, into a debt against the firm. The plaintiff did not suppose that he was dealing with the firm when he loaned his credit ; but the contrary. The utmost length the cases have gone is to subject the firm, where the money has been borrowed by one of the partners expressly for the benefit of the partnership. 16 Wendell, 505. To sanction the principle contended for would enable a partner at any time to turn all his individual liabilities upon the partnership.

Had the note been given in the partnership name, a different rule might prevail. Then the *onus* would lie upon *Wright* to show that it was given for *Smith's* individual debt. No such fact is shown. What the *name of the firm* is, no where appears. If *Smith's name* alone constituted it, that fact should have been proved ; and even then, I apprehend, it would have been necessary further to have

shown that the note, when given, was avowedly given *for the firm*, and *in that capacity*—the signature alone not necessarily indicating such facts.

New trial granted.