26b 607
152a 170

## Kirby *vs.* Hewitt and others.

The admissions of one member of a firm are not evidence to show that the other persons sought to be made liable are also partners. They are only evidence against the party making them.

The plaintiffs sold goods to H., and charged them to him, and afterwards took his note in payment of the account. They then sought to charge the defendant, as being a partner of H., and relied upon the fact that there had been a partnership between them, under the firm name of H. & Co., and that no notice of the dissolution had been given to the plaintiffs, and upon the declarations of H. that the defendant was still interested with him in the business, and that the name had been changed for the purpose of collecting the debts. *Held,* that this was not sufficient to establish the liability of the defendant as a partner when the debt was contracted.

*Held also,* that after the partnership had been dissolved, no liability could be created upon its credit, unless the name of the firm was used in making the purchases.

Dealers who, after a dissolution, but without notice thereof, trust the firm, are protected; but where the name of the firm is altered, creditors cannot hold the members of a different firm liable because they have not been notified of such dissolution.

ACTION for goods sold and delivered, brought against the defendants as partners.

INGRAHAM, J. Upon the trial of this cause the defendants were sought to be made liable as partners. The goods were sold to the defendant William R. Hewitt, and charged to him, on the plaintiffs' books. He selected all the goods but one parcel, and ordered the bill made out to him. Afterwards the plaintiffs took the note of William R. Hewitt in payment of the account. There was no evidence showing that Henry was a partner, either from his own admission, or from any proof of an agreement between the defendants. The plaintiff relied upon two facts, viz: That there had been a partnership between the defendants, under the firm name of Hewitt & Co., and that no notice of dissolution had been given to them, by the defendants, and the declarations of William that Henry was still interested with him in the business, and that the name had been charged for the purpose of collecting the debts.

It is now well settled that the admissions of one member of a firm are not evidence to show that the other persons sought to be made liable are also partners. They are only evidence against the party making them. (*McPherson* v. *Rathbone,* 7 *Wend.* 216.)

Nor does the fact that a previous partnership had existed between the defendants supply the defect. That firm had been dissolved, and no liability could afterwards be created upon the credit of the firm, unless the name of the firm had been used in making the purchases. Dealers who trusted the firm after dissolution, without notice thereof, are protected; but where the name of the firm is altered, the vendors cannot hold the members of a different firm liable, because they have not been informed of such dissolution. They were informed that the name was changed. The credit then was not given to the old firm of Hewitt & Co., but to a new firm under the name of William R. Hewitt. They were bound to ascertain to whom they were giving credit in the new firm, and the subsequent declarations of William do not in any manner affect Henry. A case involving these principles may be found in *Thorn* v. *Smith,* (21 *Wend.* 365.) In that case an attempt was made to charge a firm for money borrowed by one member of it. It was held that the declaration of the partners, though made before dissolution, that the money was borrowed for the firm, would not bind the other members of the firm, where the name of the firm was not used in creating the debt. The case is much stronger against such admissions after the firm was dissolved. If the note of the firm is sued then the *onus* rests upon the defendants to show that the indebtedness was not for the firm; but if another name is used, then the persons seeking to make them liable must show the partnership, or the assent of the partners. (*Williamson* v. *Johnson,* 1 *Barn. & Cress.* 146. *Palmer* v. *Stephens,* 1 *Denio,* 476.) The evidence in this case was not sufficient to establish the liability of the defendant Henry as a partner when the debt was contracted.

The non-production of the note given by William Hewitt

in his name for the goods, would be a fatal objection to the recovery, and if lost a bond of indemnity should have been given for it, and the action should have been founded thereon. As this objection was not pressed upon the trial, the defendants ought not to avail themselves of it here.

The verdict was against the evidence on the other point, and a new trial must be ordered on payment of costs.

[NEW YORK SPECIAL TERM, March 1, 1858. *Ingraham*, Justice.]