## WYOMING NATIONAL BANK *v.* DAYTON.

EVIDENCE—NEW TRIAL.—The court will not set aside a verdict and grant a new trial upon the sole ground that the verdict is not sustained by sufficient evidence, unless it is manifest that the jury acted in a total disregard of the evidence, or acted against the great weight of the evidence to such an extent as to show that the verdict was the result of improper motives.

ERROR to the Second District Court for Albany county.

A full statement of the case is contained in the opinion of the court, except as to the charge to the jury in the district court, which was as follows:

At the request of the defendant, the court charged the jury that: 1. To entitle the plaintiff to recover in this action, he must establish, by a preponderance of evidence, two facts: First, that the Wyoming National Bank was entitled to the immediate possession of the wood in question; and, Second, that the defendant, Dayton, was wrongfully detaining the same at the time this action was commenced. Under the pleadings and evidence in this case, the right of possession depends upon title and ownership. Therefore, if the jury find, from the evidence in this case, that the plaintiff, the Wyoming National Bank, was not the owner of the wood in question at the time the writ of replevin issued in this case, the jury must find for the defendant, and assess such damages as they may think right and proper. No sale of personal property is good *prima facie*, as against *bona fide* attaching creditors, or innocent purchasers, without a delivery of the goods and chattels sold; and if the jury believe, from the evidence in this case, a contract of the wood in question was made between W. S. Bramel and the Wyoming National Bank, but previous to delivery of the wood to the bank it was attached by the creditors of Bramel, then Sheriff Dayton, the defendant in this suit, was not wrongfully detaining the property in queston, and is entitled to recover damages in this action. 2.

If the jury believe, from the evidence in this case, that there was a contract between W. S. Bramel and the Wyoming National Bank to transfer the proceeds of the wood only to the bank, such contract did not constitute a sale of the wood, or pass to the bank the title, ownership or right of possession thereof. 3. The measure of damages in this case, if the jury find for the defendant, must be the amounts claimed, and for which the several writs of attachment issued against W. S. Bramel, with legal interest thereon, to wit: twelve per cent. from the time the writs issued, provided the value of the property in question equals or exceeds that amount. The plaintiff requested the court to charge the jury as follows, to wit; but the court refused, to which refusal the plaintiff duly excepted: First, there is no competent evidence before the jury that the defendant, Dayton, ever levied upon and took into his possession the wood in controversy in this action; and the court instructs you that so far as any rights of the defendant are based upon such defense, they are not made out. Second, there is no competent evidence before you that the defendant, Dayton, by virtue of the writs of attachments described in the defendant's answer, levied upon and took into his possession the wood in controversy in this action, and you can award him no rights whatever by virtue of such claim. The attaching creditors of W. S. Bramel could obtain, by the service of the writs of attachment described in the answer in this action, if it has been shown that there were any such creditors, no better or higher right than said Bramel had in the property in controversy in this action. At the time of the service of said writs of attachment, if said writs of attachment were served, the rights which said creditors would obtain by the service of said writs of attachment, would be at most but a lien, which in law is postponed to all prior liens, whether equitable or legal, which have been or were asserted before said property was sold on execution.

The plaintiff also requested the court to give the following instructions to the jury, which were given as requested,

and numbered by the court from 6 to 13 inclusive: 1. That the defendant, Dayton, claims a special interest and ownership in the property replevied in this action, by virtue of levies upon the same, and by virtue of certain writs of attachment, as set forth in the answer of the defendant. If you find that such levies were made by the defendant, then the court instructs you that the defendant, Dayton, by means of such levies, could get no better or greater interest in the property so levied upon than W. S. Bramel, the defendant named in such writs of attachment, had at the time such levies were made; 2. If you find from the evidence in this case that W. S. Bramel, the defendant named in the writs of attachment, by virtue of which the defendant alleges he levied upon and took into possession the property in controversy in this action, for a valuable consideration received by him from the plaintiff, agreed with the plaintiff that the consideration to be paid for said wood by the Union Pacific Railroad Company to said Bramel (if any such consideration was to be paid) should be paid to the plaintiff, and that any voucher for said wood should be made payable to said plaintiff; and, in addition, agreed with the plaintiff to deliver said wood to said railroad company for the benefit of the plaintiff, and if such agreement with the plaintiff was made before the defendant levied upon and took possession of said wood, if it was so levied upon and taken into possession, then the court instructs you that any right which the defendant obtained by such alleged levies, would be subject to the obligation of said Bramel in relation to said wood, and the agreement of said Bramel with said plaintiff would have to be performed and carried out before the defendant could obtain any right or interest in said wood by virtue of levies made under the writs of attachment described in defendant's answer; 3. So far as the defendant in this action makes any claim to the wood in controversy in this action, by reason of having levied upon and taken possession of the same, by reason of certain writs of attachment, that defense on the part of the defendant is an affirmative one, and the defendant, before he can recover in this action by reason

of such defense, must prove the same by a preponderance of evidence, and if it is not so proved by a preponderance of evidence, then you can not find for the defendant upon that defense; 4. In case you find for the plaintiff in this action, you shall assess adequate damages to the plaintiff for the illegal detention of the property; such damages would be the interest on the value of the property at twelve per cent. per annum during the time the wood was so detained by the defendant, if it was so detained; 5. If the plaintiff in this action purchased the wood in controversy in this action from W. S. Bramel, before the defendant levied upon the same, if he did so levy and if said wood was delivered at a place agreed on between said Bramel and the plaintiff before any such levy was made, then the defendant acquired no right whatever to said wood by such levy, and you should in that case find for the plaintiff; 6. The court instructs you that the defendant's defense, that he was entitled to the wood in question by reason of levies made by virtue of certain writs of attachment, is not a good defense in this action, unless the evidence in the case shows you that such levies were made upon the identical and same wood replevied in this action, and you cannot take it for granted that the wood so replevied is the same wood that was levied on by the defendant, but such fact must have been proved to you by the evidence in this case; 7. The court instructs you that the defendant, Dayton, on levying upon the property in controversy, if you find he did so levy, with the writs of attachment described in the answer in this action, acquired only such interest in said property as W. S. Bramel then had in the property, and such levies by the defendant would be subject to any valid contracts made by said Bramel in respect to said property at the time such levies were made; 8. If the jury find for the plaintiff in this action, the form of the verdict should be as follows:

" *Wyoming National Bank, plaintiff* v. *Thos. J. Dayton, defendant.* We, the jury, find for the plaintiff, and assess its damages at $——. ——, foreman."

The court also instructed the jury in writing, on its own motion, as follows: Gentlemen of the jury—The petition in this cause sets up fully the cause of action, or the claim of the plaintiff, and the answer of the defendant sets up the defense to the plaintiff's action on the part of the defendant. The facts in the case are few, and by applying the law to them, given you by the court, you will have, I think, but little difficulty at arriving at a just and proper verdict. Counsel have requested the court to give you certain instructions. I have marked them "instructions given," and numbered them from one to thirteen, inclusive, and made them a part of this charge, and you will consider them as such. You are the sole judges of the weight of evidence and the credibility of witnesses. The instructions referred to above contain the law of the case, and I have not deemed it necessary to add anything more.

*W. W. Corlett*, for plaintiff in error.

This was an action brought by the plaintiff in error against the defendant in error, in the district court of Albany county, to recover the possession of five hundred cords of fire-wood, alleged to belong to the plaintiff, and to be wrongfully detained by the defendant. The defendant answered: 1. By a general denial; and, 2. That he was sheriff of Albany county, and as such sheriff, by divers writs of attachments duly issued out of the district court of said Albany county, against one W. S. Bramel, he levied upon and took possession of said wood, which he alleges was the property of said Bramel at the time of said levy, and holds the said wood by virtue of said facts so alleged.

The property in controversy in the action was taken and delivered to the plaintiff in the action, and the venue of the action was changed to Carbon county, where, at the September, A. D. 1876, term of the district court in that county, the cause was tried, and a verdict rendered for the defendant for two thousand five hundred dollars. The plaintiff

then filed a motion for a new trial in the case, which was overruled, and judgment entered on the verdict. This proceeding in error is prosecuted for the purpose of reversing said judgment, because of errors of various kinds occurring during the trial of the cause and excepted to by the plaintiff, which errors will be distinctly pointed out as they are hereafter considered.

The first error alleged is, that the court below erred in refusing to set aside the verdict of the jury, because the said verdict is not sustained by sufficient evidence and is contrary to law. This is a question of fact, so far as any argument upon it is concerned, and will, therefore, be argued orally at the bar upon an examination of all the evidence in the case, in connection with a reference to such authorities as are believed to lay down the rule as to what the action of this court should be in passing upon said alleged error.

The next error complained of is, that the court erred in giving to the jury instruction one requested by the defendant: See *Farrell* v. *Humphrey*, 12 Ohio, 112; *Oaks* v. *Wyatt*, 10 Id. 344; *Williams* v. *West*, 2 Ohio State, 82; *Kuhland* v. *Sedgwick*, 17 Cal. 123. These authorities show conclusively that the allegation of ownership is immaterial and surplusage, and that the right of immediate possession is the question to be tried. Again, the time which was material was the date of the execution of the writ.

The fifth error complained of is, that the court below erred in giving to the jury instruction two, requested by the defendant. On this question see *Hobben* v. *Bidwell*, 16 Ohio, 510; 2 Kent's Com. 393; 3 Johns. 170; 1 Parsons on Contracts, title "Sale," to show that delivery is not necessary to constitute a sale. Retention of possession is only *prima facie* evidence of fraud: *Hambice* v. *Vanhuter*, 9 Wis. 153. Purchaser takes only the interest of the execution or attachment defendant: Rorer on Judicial Sales, sec. 1051 *et seq; Haldman* v. *R. P. Co.*, 2 Handy, 101; Seney's Code, sec. 225, note; Herman on Execution, 418, 485, 499, 500, and c. 18 and cases there cited; Drake on Attachment, sec. 254.

The sixth error complained of, is that the court below erred in giving to the jury instruction three, requested by the defendant. On this proposition see the authorities cited under last head. The instruction completely ignores the equitable rights of the plaintiff in error and the distinction between a complete sale to a purchaser without notice, and the lien of a creditor obtained by attachment with notice.

The next material error, is that the court below on the trial of this cause erred in allowing the defendant to give in evidence to the jury transcripts of certain judicial proceedings and records, the same not being properly authorized, and especially in permitting the returns on certain writs of attachment to go to the jury, the same not being in any way certified or authenticated.

This objection goes to the failure of the clerks' certificates to show that the returns on the writs were true copies of the original: *Phillips* v. *Elwell*, 14 Ohio St. 240. On the question of practice as to the failure of the plaintiff to except to the order of the court overruling the motion for a new trial: See *Hause* v. *Elliott*, 6 Ohio St. p. 497, followed in 12 Ohio St. 428.

In the question of retention of possession by vendor after a sale, it is held even by the old English cases, that if the subsequent possession by the vendor appear merely as the condition of an executory contract, then such retention of possession is no evidence of fraud. Now, on the theory of the defendant in this case, the case itself comes exactly within this rule: See Story on Sales, sec. 518; *Edwards* v. *Harben*, 2 S. R. 587; *Hamilton* v. *Russell*, 1 Cranch, 309, sec. 1; Curtis Dec. 415; Story on Sales, secs. 521, 522, 526, 526 a, 529.

*E. P. Johnson and M. C. Brown*, for the defendant in error.

Dayton, as sheriff of Albany county, levied upon certain wood by virtue of several writs of attachment running

against one W. S. Bramel. The wood was seized as Bramel's property, and replevied from the sheriff's possession by the plaintiff in error, against whom judgment was rendered in the court below.

The first, second and third errors involve questions of fact and cannot be seriously argued. If so they avail nothing, for the first will not ordinarily be noticed by an appellate court. The second and third could be cured by *remittitur* if found to exist, but a computation shows the verdict to be correct.

The fourth error complained of has no foundation. The instruction number one correctly states the law, and the right to the possession by plaintiff having no foundation other than ownership, it was proper to direct the judge's attention to that fact. The ownership was material in this case, as it constituted the basis of plaintiff's claim to the right of possession.

The next error complained of is the giving of instruction number two, requested by defendant. The instruction might, perhaps, be said to be unnecessary and irrelevant, because, while title was claimed by plaintiff, the testimony of Ivinson and Swain together show there never was a sale of the wood. Nor was there even an attempt to do more than take an assignment of the proceeds when the wood should be delivered by Bramel to the railroad company. So the instruction could do no harm, and nothing is better settled than the principle that error which does no injury to the litigants will not be allowed to disturb a judgment: 3 Graham & Wat. 862–873; 2 Nash, 1046; Powell on App. Pr. 157–67, 189; Hill. on New Trials, 32–52. The instruction is not erroneous, however, in itself. The claim in the pleadings, however badly supported by testimony, was that the bank had absolutely purchased the wood. If so, there should have been a delivery, to make a complete sale as to third parties: 1 Pars. on Con., 519, 527, 529; Story on Sales, sec. 296. But retention of possession by the vendor of personal property was, at common law, or rather statutes of

Elizabeth, a fraud in law, and avoided the sale. While the doctrine is modified in many of the United States, it is adhered to in many, and especially by the supreme court of the United States and the federal judiciary: 1 Smith's Leading Cases, 523; 1 Pars. on Con. 429; 2 Kent, 12 Ed. 515–532; 1 Cranch, 309–316; 4 Mason C. C. 312; Story on Sales, sec. 518 and on.

Such being the rule adhered to by the supreme court of the United States, it is binding upon the courts of this territory, as it is the appellate court, whose decisions are not only entitled to respect but have the weight of authority. It will be seen that the instruction does not declare the law as between the parties to the contract, but between them and the creditors of the vendor, and the law is correctly stated. Under the testimony, the court would, at any stage of the trial, have had the right to assume, as an undisputed fact, that the sheriff detained the wood by virtue of attachment writs described in the answer. A party has the right to require the best proof, but secondary proof admitted without objection is sufficient: Powell on App. Pr. 178, 182; Phill. on Ev. 470; 2 Id. 433. But the writs were returned with the sheriff's return thereunder, and when filed, the returns become an inseparable portion of the writ and of the records, so that certification of the writ included the return.

But the record shows that in this case all exceptions were waived. The rule of this court requires all points that are to be relied on in this court, to be first presented to the court below in a motion for new trial. That was done in this case, and no objection or exception was made to the order of the court overruling the motion for new trial, whereby every error that had been complained of was waived. And this really comes up here with a record showing such waiver.

By the Court, BLAIR, J.: This action was brought in the district court of Albany county, and the venue changed to

the county of Carbon; a trial was had, verdict rendered and judgment entered thereon, at the September term, A. D. 1876.

It is brought here for review by the plaintiff below, who is now the plaintiff in error in this court. It appears, by the petition in this case, that the plaintiff in error instituted an action in replevin in the district court of Albany county, against the defendant in error, to recover the possession of five hundred cords of wood. The petition alleges that the plaintiff was the owner of said wood, and was entitled to the immediate possession thereof; that the defendant, wrongfully and unjustly, detained in his possession the said wood, and had so detained the said wood from the plaintiff for the period of thirty days, to the damage of the plaintiff in the sum of five hundred dollars.

The answer of the defendant to the plaintiff's petition: 1. Sets up a general denial to all matters in said petition contained; 2. Denies that the plaintiff was the owner of the wood in question, or was entitled to the immediate possession thereof, and further denies that the defendant ever took or held the wood in question, or ever unlawfully detained the possession of the said wood from the plaintiff; 3. The defendant alleges that, as the lawful sheriff of Albany county, and by virtue of certain writs of attachment, issued out of the district court of said county, directed to him, the sheriff of said county, against one W. S. Bramel, he levied upon said wood as the property of said Bramel, and took the same into his possession; that at the time of the said levy, the said Bramel was the owner of and in the possession of said wood, and by reason of said levy, he, the defendant, as sheriff, had a special property in said wood, to the amount of twenty-three hundred dollars, for which he prayed judgment. The wood in question, levied on by virtue of the writs of attachment, was delivered to the plaintiff.

There are two questions which are necessarily raised by the pleadings in this case:

1. Was the plaintiff in error the owner of the wood in

question, and entitled to the immediate possession of the same at the time this suit was instituted?

2. If so, did the defendant in error wrongfully detain the property in controversy from the plaintiff?

Before the plaintiff could recover, it is manifest that he must substantiate the first proposition by a preponderance of evidence. The jury having found for the defendant in error and assessed his damages at two thousand five hundred dollars, the plaintiff brings this case here upon a writ of error in order that certain questions of law arising in the trial of the cause may be reviewed by this court. The first, second and third errors assigned by the plaintiff in error involve questions of fact, the determination of which were the special province of the jury. The court will not set aside a verdict and grant a new trial upon the sole ground that the verdict is not sustained by sufficient evidence, unless it is manifest that the jury acted in a total disregard of the evidence, or acted against the great weight of the evidence to such an extent as to show that the verdict was the result of improper motives: *Minturn* v. *Burr*, 20 Cal. 48.

After a careful examination of the evidence as contained in the record, we are not only satisfied that the verdict is warranted by the evidence, but we find it difficult to see how the jury could have arrived at any other conclusion than they did. As to the amount of damages assessed by the jury, we are of opinion that the measure of damages should have been for the aggregate amounts claimed in the attachment writs under which the sheriff seized the wood in question, and a remittitur is therefore directed to be filed by the defendant in the court below covering the interest calculated by the jury upon said amounts, which amount we find to be five hundred and seventy-three dollars and twenty cents.

As to the fourth error assigned by the plaintiff in error, we are of opinion that the plaintiff having put the title of said wood in issue by the pleadings, claiming his right of possession solely on that ground in his petition and by his

testimony, the instruction complained of correctly states the law. As to the other parts of said instruction the record shows that the writs were issued and served on the same day, and that no rights of third parties intervene between the issuing and the service of the writs. The error, if it be error, is therefore harmless.

The fifth error assigned is as to the giving of the second instruction asked for by the defendant. It appears from the evidence in the case that no question is involved or arises between the vendor or the vendee, but solely between the vendee and the attaching creditors of the vendor. We think the instruction is applicable to the pleadings and evidence in the case. The plaintiff rest his rights to recover possession of the wood in question on his absolute ownership, derived or acquired by an unconditional purchase from W. S. Bramel.

It is not claimed that there was a delivery of the wood, and the record shows that the full and absolute control and possession of the same was publicly and privately retained by Bramel after the alleged unconditional sale. And while it is held in many states that the retention of possession of personal property by the vendor after an unconditional sale is only *prima facie* a fraud, the federal courts hold it to be a fraud in law, and as against creditors and *bona fide* purchasers renders the sale void: 1 Smith's Leading Cases, 523; 1 Cranch, 309, 316; 4 Mason's C. C. 312; 2 Kent, 515–532.

The supreme court of the United States being the appellate court to which this case must go if appealed, we feel bound by its decision, and shall so hold in this case. In that view there is no error in the instruction. But there is another view of the case which we take that, without reference to the merits of the instructions complained of, renders the question raised by it immaterial and the instruction itself harmless, even if erroneous. The jury unquestionably found from the evidence that there was no sale of the wood by which title or right of immediate possession to it passed to the bank. We think the preponderance clearly shows that there was nothing more than an arrangement made by

which, when Bramel had delivered five hundred cords of wood to the railroad company the proceeds were to go to the bank. We find no error in giving the instruction number three complained of as the sixth error. The remittitur ordered disposes of the objection made to the fourth instruction asked and given at the request of the defendant. We find nothing in the record making it necessary to examine the other errors complained of, as some, we think, are inapplicable, and others were not seriously insisted on in the · argument of the cause; for this reason they are overruled.

Judgment affirmed.