## O'BRIEN v. FOGLESONG.

(1883 Term.)

ACTION AGAINST FIRM WITHOUT SHOWING WHO COMPOSES IT — REVIEW OF CONFLICTING EVIDENCE.

1. Comp. Laws 1876, § 639, provides that "any company or association of persons formed for the purpose of carrying on any trade or business, or for the purpose of holding any species of property in this territory, and not incorporated, may sue and be sued by such usual name as such company, partnership, or association may have assumed to itself or be known by; and it shall not be necessary in such case to set forth in the process or pleadings, or to prove at the trial, the names of the persons composing the company." Held, that an individual doing business within the territory under a firm name may be sued in such name without showing in the process, or proving on the trial, that he alone composed the firm.

2. Where the evidence is conflicting the verdict will not be disturbed on appeal.

Error to district court, Laramie county. Action by W. L. Foglesong against N. J. O'Brien, administrator of the estate of P. J. McNamara, deceased. Plaintiff had judgment, and defendant brings error. Affirmed.

SENER, C. J. The defendant in error brought action against P. J. McNamara & Co., in justice's court in Laramie county, to recover for goods, wares, and merchandise sold and delivered to the defendant. From the judgment rendered against the plaintiff in error an appeal was taken to the district court, in which court, on the 31st day of December, 1877, the case was tried by a jury, and a verdict rendered in favor of the defendant in error, and against the plaintiff in error, for the sum of $89.10, and judgment entered accordingly. A motion for a new trial was made and overruled, and to the overruling of such motion, and the judgment entered upon the verdict, the plaintiff in error excepted. The motion for a new trial contains only one ground, to wit: "Because the verdict is not sustained by sufficient evidence, and is contrary to law."

The plaintiff in error here, though stating several grounds of error in his brief, relied upon but two for a reversal in his argument. The first was that P. J. McNamara & Co. were not sued in such a way as to show who composed the firm. Without deciding whether, upon such a motion as is presented in this case in the court below, any such objection could be availed of when raised for the first time here, it is sufficient to answer: First. That Comp. Laws Wyo. 1876, p. 118, § 639, declares as follows: "Sec. 639. Any company or association of persons formed for the purpose of carrying on any trade or business, or for the purpose of holding any species of property, in this territory, and not incorporated, may sue and be sued by such usual name as such company, partnership, or association may have assumed to itself or be known by; and it shall not be necessary in such case to set forth in the process or pleadings, or to prove at the trial, the names of the persons composing the company." So that clearly it was competent to bring the action in this form without setting forth in the process (it was brought by simple process in the justice's court, and there were no amended or new pleadings substituted in the district court) or proving at the trial the names of the parties comprising the partnership; the evidence all tending to show that it was formed in Wyoming for the purpose of doing business in Wyoming. Second. The defendant in his evidence admitted that P. J. McNamara & Co. was himself; he saying, in his evidence, not that "I am one of the defendants," but to the question, "Are you the defendant in this action?" "I am; yes, sir." Third. The plaintiff in error practically and conclusively admits this to be true by the consent order entered in the case on the 30th of May, 1882, of the last term, whereby it was agreed that, P. J. McNamara being dead, this suit, as to P. J. McNamara & Co., should stand and be revived in the name of N. J. O'Brien, administrator of P. J. McNamara, and thus that P. J. McNamara was merely doing business under the style and firm of P. J. McNamara & Co.

The second ground of error relied on by the counsel for the plaintiff in error was that there was no evidence to hold the plaintiff in error liable for the goods charged for in the account, for which this action was brought. It is sufficient to say in answer to this that while we do not concede that, in such a motion as this,

Friend v. Oggshaw.

this question can properly be raised here, there was a clear conflict of testimony as to the defendant's liability; the plaintiff, supported by two witnesses, testifying that he did buy the goods, and the defendant denying. It was very properly a question for the jury, who decided it. The court below refuses to disturb their verdict; and we say that the judgment of the court below must be amended as agreed on in the consent order heretofore entered in this case, to wit, in the name of N. J. O'Brien, administrator of P. J. McNamara, deceased, plaintiff in error, in the stead of P. J. McNamara & Co., and as amended must be affirmed, with damages and costs.