"It is not necessary to uphold a promise, based upon the surrender or composition of a claim, that it was a valid claim,—one that could be enforced by law. A promise made upon the settlement of a dispute and to prevent litigation is made upon a good consideration. The settlement of a doubtful claim will uphold a promise to pay a stipulated sum, or do any other lawful act."

And the court cites numerous authorities from judicial decisions and elementary writers to sustain the above proposition. In Stewart v. Ahrenfeldt, 4 Denio, 190, the court say:

"The settlement of a suit or the compromise of a doubtful claim is a good consideration for a promise to pay money, and where an action is brought upon such promise it is no answer to show that the first suit could not have been maintained, or that the claim was not a valid one. When the parties meet on equal terms, and adjust their differences, both are concluded from further litigation of the matter."

In Russell v. Cook, 3 Hill, 504, it was held that a note given upon the settlement of a doubtful claim preferred against the maker will be upheld as founded upon sufficient consideration, without regard to the legal validity of the claim. In such case it matters not on which side the right ultimately turns out to be; the court will not look beyond the compromise. See, also, Adams v. Sage, 28 N. Y. 103; Losee v. Mathews, 61 N. Y. 627; Bank v. Blair, 44 Barb. 641; Rector, etc., v. Teed, 44 Hun, 349. In the case at bar there was a disputed claim or controverted claim made by the plaintiff against the defendant, growing out of the alleged damming of this ditch. It is not material now to inquire whether the claim was or was not well founded, or whether, as an original proposition, an action could be maintained upon it. Upon that subject the court cannot now speculate. The undisputed evidence is that to settle that dispute this agreement was made, and that settlement furnished, within the authorities cited, a good consideration for the promise to pay this money. That promise was not within the condemnation of any of the provisions of the statute of frauds, and, the action being founded upon the promise which grew out of the settlement, and not out of the cause of action, or alleged cause of action, in dispute, which was settled, the statute of limitation had not attached to that promise when the action was commenced. We are therefore of the opinion that a cause of action was made out of the proof, and was not successfully defended. The judgment of the justice and of the special term must be reversed, with costs. All concur.

SHEEHAN v. FLEETHAM et al.

(Supreme Court, General Term, Third Department. November 22, 1892.

PARTNERSHIP—EVIDENCE OF—DECLARATIONS.

In an action involving the issue as to whether a partnership subsisted between defendants, a declaration by one of them, in the absence of the

other, that they were partners, and a report of a mercantile agency, founded on such declaration, are not competent evidence to prove the partnership. Mayham, P. J., dissenting.

Appeal from circuit court, St. Lawrence county.

Action by John H. Sheehan, surviving partner, etc., against Orson J. Hutchins and Daniel W. Fleetham, as copartners, for the balance of a bill of goods sold and delivered by plaintiff to defendants. From a judgment in plaintiff's favor, entered on the verdict of a jury, and from an order denying a new trial on the minutes of the judge, defendant Fleetham appeals. Reversed.

For former report, see 12 N. Y. Supp. 158.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Sawyer & Sawyer, (George C. Sawyer, of counsel,) for appellant.

Nelson L. Robinson, (William Kernan, of counsel,) for respondent.

PUTNAM, J. I concur in the views stated in the opinion of Justice MAYHAM, that the former decision in this case concludes us as to the greater part of the questions involved, and that the trial judge properly submitted the question of fact as to the partnership to the jury. But I have reached the conclusion that an error was committed in overruling defendant's objections to the evidence of the witness Hutchins, as to his declarations to the agent of Dun & Co., and also the objection to the report of the latter. The principal question in the case was whether the defendant Fleetham was a partner of Hutchins. Plaintiff was allowed on the trial to prove the declarations of Hutchins, in the absence of Fleetham, that the latter was such partner, and also to put in evidence the report of Dun & Co., presumably founded on such declaration. This evidence was objected to, and proved or tended to prove the copartnership between Fleetham and Hutchins. I think that the objections of defendant Fleetham to these declarations of Hutchins and to the report of Dun & Co. were well taken, and should have been sustained. McPherson v. Rathbone, 7 Wend. 216; Thorn v. Smith, 21 Wend. 365; Kirby v. Hewitt, 26 Barb. 607; Rice, Ev. 444, 445. For this error the judgment should be reversed and a new trial granted, costs to abide the event.

HERRICK, J., concurs.

MAYHAM, P. J., (dissenting.) In Sheehan v. Fleetham, (Sup.) 12 N. Y. Supp. 158, this court held, a majority of the judges concurring, that the evidence in this case on a former trial, which was substantially like the evidence on this trial, was sufficient to authorize the submission of the case to the jury upon the question of the existence of a copartnership between Hutchins and Fleetham; and that evidence was on this trial so submitted, and the jury found the existence of that relation. If this evidence was sufficient to authorize the submission of that question to the jury, then their verdict finding the existence of that relation could not be set aside on the ground that it was unsupported by the evidence, and a refusal of the trial judge to set aside the verdict as not sup-

ported by the evidence was not error.   As the question whether the evidence in this case was sufficient, as matter of law, to create the relation of copartners, was fully discussed on the former appeal in this action, and passed upon and held by a majority of the court to be sufficient to establish that relation, or at least sufficient to authorize the jury so to find, it seems unnecessary to discuss that question on this appeal. In that case Learned, P. J., upon that subject uses this language:

"But when one carrying on a business of buying and selling assigns half of the property, including the accounts, to another, and goes on with the buying and selling as before, with the knowledge of the assignee, there is quite strong evidence from which the jury may infer that the assignee consents to share in the business as a partner.   Still more if the assignee himself had previously been half owner of the business."   Sheehan v. Fleetham, supra, 160.

The appellant insists that errors were committed in the receipt and rejection of evidence on this trial, for which the judgment should be reversed. We think, within the view taken by the prevailing opinion of the general term, the evidence offered and received relating to the transactions and litigations between the defendant Hutchins and his wife and the defendant Fleetham was competent as bearing upon the question as to whether or not the defendants, Hutchins and Fleetham, were partners, and was properly received in this case; and, for the purpose of this appeal, the decision of the general term must be taken as the law of this case upon that subject.   The testimony offered and received under objections tending to show that the defendant Hutchins transferred his property to defendant Fleetham, and the object of that transfer, and the communication of that fact to the mercantile agency by the defendant Hutchins, and from whom plaintiff derived his information of the existence of the partnership, was also competent, under that decision, as tending to prove the existence of the partnership, and was properly received on the trial.   Also the testimony as to who owned the balance of the drug store.   The objection to that evidence was that it was incompetent and immaterial.   It was both competent and material evidence in the case, as bearing upon the question of partnership, and no objection was taken that it called for the opinion or conclusion of the witness.   Its reception was not, therefore, error.   On the whole case, we see no error in the receipt or rejection of evidence in this case for which this judgment should be reversed.

Nor do we think the court erred in refusing to charge as requested by the defendant.   The request was for the court to charge the jury that there was no act established on the part of Fleetham towards the plaintiff during the accruing of the plaintiff's claim, which entitled the plaintiff to believe that Fleetham was a partner of Hutchins.   We think the court properly refused so to charge.   That question, under the decision of the general term, was one of fact for the jury.   On the whole case, I see no ground, in the light of the former decision, for a reversal of this judgment.   But my associates think the judgment should be reversed on the ground stated in the opinion of Judge PUTNAM.   Judgment reversed; new trial ordered; costs to abide event.