## HESTER v. SMITH ET AL.

CONFLICTING EVIDENCE—PARTIES IN SUPREME COURT—NEW-TRIAL FOR NEWLY DISCOVERED EVIDENCE—EVIDENCE—DECLARATIONS OF PARTNER.

1. In case of conflicting testimony, there being evidence to sustain the finding, the judgment will not be reversed.

2. Error, if any, in the judgment in favor of a party who did not appear in the trial court, will not be considered, where no summons in error has been served upon him and he has not entered his appearance in the appellate tribunal.

3. To entitle a party to a new trial on the ground of newly discovered evidence, it must be shown that the evidence could not, with reasonable diligence, have been discovered and produced at the trial.

4. A statement that the party applying for new trial on the ground of newly discovered evidence, first learned of it after the trial, does not show diligence, but merely establishes the fact that it is newly discovered testimony.

5. Such newly discovered testimony, to entitle a party to new trial therefor, must be competent.

6. When a person, in the purchase of goods, does not expressly deal for a firm of which he is a member, or in the firm name, and there is no other evidence to show that the firm bought or received the goods, the declarations of the purchaser, after the transaction, to third parties, are not admissible in evidence, in an action by the seller against the firm for the price, to show, as against other partners, that the purchase was made for the firm.

[Commenced in District Court July 26, 1893. Decided May 11, 1895.]

ERROR to District Court for Natrona County, HON. JOHN W. BLAKE, Judge.

George W. Hester and V. A. Hester, co-partners as Hester & Son, brought suit against Lew Smith, Edgar B. Shaffner, and John B. Okie, co-partners as L. Smith & Co., bankers, to recover the balance of the purchase price of oats sold by the plaintiffs, and claimed to have been purchased by the defendants. The defendant Okie alone appeared in the district court. Judgment was, however, rendered in favor of all the defendants. The plaintiffs brought error, and caused summons in error to be issued against all the above named defendants as defendants in error, but it was not returned, and no showing was made that either Smith or Shaffner were served, and they did not enter their appearance in any manner. On the trial in answer to a direct question as to whether he had had any dealings with L. Smith & Co., bankers, G. W. Hester testified that he had. He, then, in explaining the transaction, stated that having shipped a car load of oats to Casper to another party, who wished for time, which was not agreeable to plaintiffs, he visited Casper and met. Mr. Smith; that, in their conversation, the latter said, "We are running a bank here," and, again, "You will run no risk; you will be safe in your money; you will get your money for the oats." The oats were delivered to Smith. The witness, when not giving an explanation of the particular circumstances, stated that the oats were sold to the firm of L. Smith & Co., bankers. He

also said that Smith paid the freight. On cross-examination he would not say that he was sure he sold the oats to the banking firm, but did say that he relied on the bank for his pay. There was evidence that Virgil Hester, one of the plaintiffs, had, after the sale of the oats, visited Casper, and stated he was a creditor of the Smith Mercantile Company. There was no evidence that the banking firm had received the oats, or any of the proceeds thereof, except that some money was deposited in the bank to the credit of Hester, which was deposited by the Smith Mercantile Company, as the defendant Okie testified he was informed. This money was paid to plaintiffs. The other facts are sufficiently stated in the opinion.

*Allen G. Fisher* and *George Walker*, for plaintiffs in error, contended that the judgment was not sustained by the evidence, and that the motion for new trial on the ground of newly discovered testimony should have been granted.

*Alex T. Butler* and *Burke & Fowler*, for defendant in error, John B. Okie.

The court will not reverse a decision of a trial court, there being evidence to sustain it. (Bank v. Dayton, 1 Wyo., 336; id., 352; id., 17; 2 id., 113; 3 id., 325; id., 57; id., 164.) If one of several defendants suffers default, and another maintains a defense which negatives plaintiff's right to recover against either of the defendants, the plaintiff will not be entitled to judgment against the one who has defaulted, but the successful defense will enure to the latter's benefit. (Black on Judg., sec. 209; Miller v. Longacre, 26 O. St., 291; Pierson v. David, 4 Ia., 410.) A new trial will not be granted to afford an opportunity to introduce merely cumulative testimony. (Link v. R. R. Co., 3 Wyo., 680; 1 Yaples Code Pr., 553; Reed v. McGrew, 5 O., 375; Perrin v. Ins. Co., 11 O., 147; Laeffner v. State, 10 O. St., 598.)

POTTER, JUSTICE.

Plaintiffs shipped from Harrison, Nebraska, in their own name, a car load of oats to Casper, intending them for a pur-

chaser upon whom a sight draft had been drawn, attached to the bill of lading, and sent through the bank of C. H. King & Co. This expected purchaser not taking the oats, George W. Hester visited Casper and there met Lew Smith, one of the defendants, with whom a sale of the oats was consummated. Smith received them and paid the freight thereon.

Although it does not clearly appear, it seems to be disclosed by the evidence that the oats were taken to a store commonly referred to in the testimony as the Mercantile Company's store, the business of which was usually transacted by Smith. He was also a member of the firm of L. Smith & Co., bankers. It is attempted to make the banking firm of L. Smith & Co., of which firm J. B. Okie was also a member, responsible for the purchase price of the oats.

The only fact which we find in the evidence at all tending to connect that firm with the purchase is in the testimony of George W. Hester, who says that while he and Smith were discussing the matter of the sale, and before it was consummated, the latter said to Hester: "We are running a bank here," and also, "You will run no risk; you will be safe in your money; you will get your money for your oats." We are unable to discover any testimony showing or tending to show that the banking firm ever received the oats or any of them; or any of the proceeds thereof, except the sum of $55.00, which, Mr. Okie testifies, was deposited in the bank to the credit of G. W. Hester, and was by Okie, who, afterwards, it seems, had assumed the obligations of the bank, paid to Virgil Hester. Okie testifies that Smith informed him this deposit had been made by "the store" to the credit of Hester; but there is no direct testimony covering the matter of the original deposit. Okie testified that when he paid the $55.00 to Hester the latter informed him that they had sold some oats to the mercantile company. There is testimony that statements were made by each of the plaintiffs to the effect that they had sold the oats to the mercantile company, and a witness connected with C. H. King & Co. testified that Hester & Son had at one time drawn a draft on the Smith

Mercantile Co. for. $350.00, which was received by C. H. King & Co. for collection and was returned on the same day.

The total amount for which the oats and some sacks were sold was $353.00.

Smith paid the freight, $36.40, which was apparently to be credited on the price, and with the. $55.00 subsequently received on account of the deposit in the bank; leaves the balance sued for as $261.60.

Neither Smith nor Shaffner appeared in the suit below. The defendant Okie filed an answer denying every allegation of the petition.

The defendant Okie would not be liable unless the firm of L. Smith & Co., bankers, were, and by reason of his membership in that firm. If that firm was not the purchaser of the oats, then it was not liable. We do not think the court erred in finding said firm not indebted to the plaintiffs. The best construction which can be given to the evidence favorable to the plaintiffs shows a conflict in the testimony; and there being evidence to sustain the finding, the judgment will not be reversed. Bank v. Dayton, 1 Wyo., 336; O'Brien v. Foglesong, 3 Wyo., 57; Ketchum v. Davis, 3 Wyo., 164.

In our opinion, however, there was not sufficient evidence to establish the liability of the firm of L. Smith & Co. Plaintiffs failed to connect them with the purchase made by Smith.

It is urged that the court erred in not taking the default of Smith and Shaffner and rendering judgment against them. So far as Shaffner is concerned, his liability, like that of Okie, depends upon the establishment of an indebtedness from the firm. The parties are not in a position, however, to successfully urge this point, even if error was committed in the respect indicated, upon which we express no opinion. Neither Smith nor Shaffner are before this court, no summons in error having been served upon them for all that appears by the record.

It is contended that the court committed error in refusing to grant a new trial on the ground of surprise and newly discovered evidence. The affidavits filed in support of the motion to sustain these grounds utterly fail to show any such

surprise as would require the court to grant a new trial. The alleged newly discovered evidence consisted of certain letters said to have been signed "L. Smith & Co.," which were in the possession of the attorney who brought the suit for plaintiffs but did not represent them at the trial, and certain facts which Virgil Hester, one of the plaintiffs, would testify to to rebut the testimony of one of the witnesses for the defendant, and other facts which G. W. Hester would testify to by way of rebuttal. It is also alleged in the affidavits that three persons who were not witnesses at the trial will testify that Mr. Smith had told them that L. Smith & Co. had bought the oats in question. One of the statutory grounds for a new trial is newly discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial. It is not shown that the evidence could not have been discovered before the trial with reasonable diligence. No showing in that respect is made. The statement that the plaintiffs first learned the same after the trial does not show diligence, it only established the fact that it is newly discovered testimony. This is in itself sufficient to dispose of this assignment of error; but another requisite is attached to this ground for a new trial, and that is, the evidence must be material. It must be competent; it has been held by this court that if it is merely cumulative it will not be sufficient. Link v. Union Pacific Ry. Co., 3 Wyo., 679.

So far as the letters and the testimony of Virgil Hester and G. W. Hester are concerned, it is clear that they could, by the use of proper diligence, have been procured at the trial.

The declarations of Smith made after the sale had been consummated, in the absence of any other evidence showing or tending to show that the firm of L. Smith & Co. had bought or received the oats, such a transaction not ordinarily being within the scope of the business of a mere banking firm, and nothing appearing to show that this firm ever engaged in such business, we do not think would have been admissible. Heffron v. Hannaford, 40 Mich., 305; Uhler v. Browning, 28 N. J. L., 79; Thorn v. Smith, 21 Wend., 365.

Mr. Hester testified that he dealt with Smith. He knew

nothing about the firm. Smith, in the transaction, did not expressly deal for the firm or in the firm name. Under such circumstances, together with the fact that the firm did not receive the subject of the sale, to admit in evidence as against a partner the declarations of the individual purchaser that he bought them for the firm, made after the purchase, to third persons, in the absence of his partner, would, in the language of Judge Nelson, in Thorn v. Smith, supra, "enable a partner at any time to turn all his individual liabilities upon the partnership." This evidence, then, would not be competent and therefore not material.

This disposes of all the questions raised by counsel. The case now here is practically between plaintiffs and the defendant Okie.

The judgment of the district court in favor of J. B. Okie and L. Smith & Co., bankers, as a partnership, is affirmed.

Groesbeck, C. J., and Conaway, J., concur.