DAVID DAVIDSON v. RUSHMORE G. HUTCHINS and others.

A judgment of the Marine Court will be reversed when the suit has been commenced by short summons, and there is no proof returned to this court of the defendants' non-residence.

In an action against two defendants, as partners upon a note made in the firm-name, the admission by one defendant of the partnership, and of the making of the note, is not sufficient evidence to sustain a judgment against the other.

In an action by an endorsee against the makers of a promissory note, the plaintiff must prove the endorsement to himself.

APPEAL by defendants from a judgment of the Marine Court. This action was brought against Rushmore G. Hutchins and Pomeroy Sawyer, as joint makers, and S. S. Rowland, as endorser, of a promissory note. It was commenced by short summons. The return of the justice did not disclose that there was any evidence of the defendants' non-residence. On the

return day they failed to appear, and judgment was taken by default on the testimony of one Peter Starr, who testified that the defendant Hutchins admitted that he and the defendant Sawyer were partners, and made the note, and that he promised to pay it. It did not appear that the witness was the agent of, or acting for the plaintiff at the time of the conversation between himself and Hutchins. He stated the amount due on the note, principal and interest, to be two hundred and ninety-four dollars and eleven cents. This was all the evidence. The judge rendered judgment against the defendants for the sum of two hundred and ninety-four dollars and eleven cents, besides costs. The defendants appealed.

*William A. Boies*, for the appellants.

I. The defendants failing to appear, the plaintiff was bound to prove *every fact* essential to establish his cause of action. Code, § 64, subdivision 8; *Cudner* v. *Dixon*, 10 Johns. (106) 110; *Muscott* v. *Miller*, 6 L. O. 423 ; *Smith* v. *Falconer*, 1 C. R. 120 ; 2 Sand. S. C. R. 640.

It was necessary to the plaintiff's case to prove the partnership of Hutchins and Sawyer—the execution of the note by them, and the endorsement by Rowland. The plaintiff failed in *each* particular. (a) There was no evidence of the partnership of Hutchins and Sawyer. The admissions of Hutchins could not be received as evidence of a partnership between Hutchins and Sawyer. A partnership must first be proved *aliunde*, in order to make the declarations of a partner (*as a partner*) admissible in evidence. It was error to receive the admissions of Hutchins on that point, and it was error to regard such admissions as evidence. 1 Greenleaf on Evidence, § 177 ; *McPherson* v. *Rathbone*, 7 Wend. 216; *Tuttle* v. *Cooper*, 5 Pick. 414; *Robbins* v. *Willard*, 6 ibid. 464; *Whitney* v. *Ferris*, 10 Johns. 66. (b) It was necessary to prove that Hutchins and Sawyer were partners *at the time* of the making of the note. Even the admissions of Hutchins do not show this. The evidence is, that

Hutchins admitted to Starr that they were partners. *Camden* v. *Anderson*, 5 T. R. 709. (*c*) The making of the note by Hutchins and Sawyer was not proved. The declarations of Hutchins could not be received as proof of the making of the note by Hutchins and Sawyer *jointly*. (See authorities cited [under *a*] above.) And as the plaintiff sued upon a joint claim, if he failed to make out such, he must fail altogether. (*d*) There was no evidence of the endorsement by Rowland. Rowland was not served with process, and there was no pretence that he was a partner.

II. The summons in this case was tested Aug. 14, and made returnable the 17th.

The court had no authority to issue a short summons. The defendants not appearing, *the court obtained no jurisdiction*. It was the duty of the court to have dismissed the case. It was error to render judgment. *Sperry* v. *Major*, 1 E. D. Smith's R. 361; *Jackson* v. *Whedon*, ibid. 141; *Bray* v. *Andreas*, ibid. 387; 2 R. S. (4th ed.) page 430, § 14, and page 460, and cases there cited.

III. Judgment was rendered for $305.48, including costs. The amount attempted to be proved due was only $203.61 principal, and fifty cents interest.

Judgment was therefore rendered for over $100 more than there was *any proof* of being due the plaintiff.

*Starr and Ruggles*, for the respondent.

DALY, J.—This judgment must be reversed upon several grounds. 1. The process was by short summons, and there was no proof that the defendants were non-residents. *Sperry* v. *Major*, 1 E. D. Smith, 361. 2. There was no proof that the makers of the note were partners. The admission of the defendant Hutchins could not be received to bind the defendant Sawyer; and, beyond his admissions, there was no evidence offered of the making of the note. 3. The note was made payable to the order of the defendant Rowland, and there was no evidence that

he had endorsed it, or of any title to it in the plaintiff. 4. Starr, the only witness examined in the case by the plaintiffs, testified that the amount due upon the note was $203.61, and the justice gave judgment for $294.11.

Judgment reversed.