DOBSON *et al. v.* KUHNLA.

(*Supreme Court, General Term, First Department.* November 18, 1892.)

1. PRINCIPAL AND AGENT—EVIDENCE OF AUTHORITY.
   In an action against one of several tenants in common of a building for the price of carpets purchased by one P., and used in the building, P.'s authority to act for defendant in making the purchase cannot be inferred from the fact that he bought the coal, hired the janitor, and rented the rooms in the building, where there is no proof that such acts were done under defendant's authority.

2. SAME.
   In such case, evidence of a usage to carpet such buildings is properly excluded.

3. TENANTS IN COMMON—POWER TO BIND BY CONTRACT.
   One tenant in common cannot, without authority, bind another by a purchase of goods for use in the building owned by them.

Exceptions from circuit court, New York county.

Action by John Dobson and another against August Kuhnla for the price of carpets. To an order directing a nonsuit, plaintiffs excepted, and the exceptions were ordered to be heard at general term in the first instance. Exceptions overruled.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

*Leavitt, Wood & Keith,* (*John Brooks Leavitt,* of counsel,) for plaintiffs. *Foley & Powell,* for defendant.

BARRETT, J. We cannot understand why the exceptions in this case were directed to be heard in the first instance at the general term. The plaintiffs made out no case against the defendant, Kuhnla, and they were properly nonsuited. They attempted to hold him as part owner of the apartment houses Nos. 14 and 16 West Sixty-Fifth street, for the price of certain carpets which were purchased by one Porter, and laid upon the hallways and stairways of these houses. No authority upon the part of Porter to purchase these goods was proved. Direct proof of authority is not claimed, but the court was asked to infer authority from Porter's other acts with regard to the premises, such as renting apartments, purchasing coal for the premises, giving directions, employing the janitor, paying the watchman, etc. But there was no proof that any of these acts were done under Kuhnla's authority, and, if they were done under the authority of one of the other tenants in common, that would not bind Kuhnla. A tenant in common is not like a partner who has power to make contracts for the partnership. His rights as tenant in common are distinct, and, in the absence of an express authority, he is not responsible for what another tenant in common does as to the property owned by both. *Corning* v. *Iron & Nail Factory,* 39 Barb. 325; *McCready* v. *Freedly,* 3 Rawle, 251. We may add that there was no proof that Porter's acts were done under authority of any of the tenants in common, except, possibly, Porter's wife, who seems to have been present when he purchased the carpets. In *Howard* v. *Norton,* 65 Barb. 166, the court, speaking of the rule that an agent's authority may be inferred from acts of a kind similar to that done in the case in which the proof is sought to be made, observed that "the acts from which the inference of authority is sought to be drawn must be acts done under authority of the principal." The present case is barren of proof on both heads. The agency was wholly unproved, and, of course, the declarations of the assumed agent were inadmissible. *People's Bank* v. *St. Anthony's Church,* 109 N. Y. 512, 17 N. E. Rep. 408; *Deck* v. *Johnson,* 1 Abb. Dec. 500. The evidence of a usage to carpet the halls and stairway of apartment houses was properly excluded. As well might the heating apparatus or the elevator or the gas fixtures or coal and wood be included in such a custom. Whether it was customary or not to furnish these things, a tenant in common is surely not liable unless he purchased the goods or authorized some one to purchase them. The exceptions should be overruled, and judgment ordered for the defendant, with costs. All concur.