George L. Munroe and Another, Appellants, *v.* Priscilla H. Judson, Respondent.

| 82  215|
| 151a 671|

*Partnership between married women — their husbands may act as agents of the firm — contribution to losses must be made by the firm, not by the individual members — knowledge necessary to the ratification of the acts of an agent.*

If a partnership be formed between three married women, the members of such firm, after the formation thereof, are capable of employing their three husbands to act as agents for and in behalf of the firm, and to clothe them, respectively, with power and authority to transact the firm's business.·

A husband transacting business for his wife, a member of a firm, under a power of attorney executed by her, with the knowledge and consent of the other members of the firm, is an agent of the firm and not of his wife individually.

It is the general rule that partners must contribute, ratably, their shares of the losses and debts of the firm, and the losses growing out·of the defalcation and negligence of an accredited agent of the firm fall on the firm and not on any member thereof individually.

The ratification of an act of an agent, previously unauthorized, must, in order to bind the principal, be with a full knowledge of all the material facts.

Appeal by the plaintiffs, George L. Munroe and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Oswego on the 4th day of December, 1893, upon the report of a referee.

It was adjudged by the judgment appealed from that the com-·plaint of the plaintiffs herein, so far as it seeks to charge the defendant with the shortage in cash of the firm·of Munroe, Judson & Stroup, be and the same hereby is dismissed upon the merits.

That out of the assets of said partnership of Munroe, Judson & Stroup, now remaining, there first be paid the notes held by Mary A. Munroe and Priscilla H. Judson against said partnership, and any other debts of said partnership now existing.

That after the payment of debts, costs and expenses hereinbefore stated, the plaintiff Mary A. Munroe, and the defendant, Priscilla H. Judson, be each paid the sum of $2,816 out of the assets of said partnership then remaining, for capital furnished by them to said partnership.·

That the existing assets of the firm of Munroe, Judson & Stroup, after making the payments therefrom hereinbefore provided for,

belong equally to the parties to this action, the defendant and each of the plaintiffs being entitled to one-third thereof.

That either of the parties to this action was entitled to the appointment of a receiver of the said partnership and its assets, with the usual powers and duties of receivers in such cases, to carry out the provisions of the judgment herein, and that either party might apply upon the foot of this judgment, upon giving the usual notice, for the appointment of such receiver.

*F. E. Hamilton*, for the appellants.

*F. G. Fincke*, for the respondent.

Hardin, P. J.:

Mary A. Munroe, Mary A. Stroup and Priscilla H. Judson (the defendant), in April, 1881, formed a co-partnership in the city of Oswego, for the purpose of dealing in unleached ashes, which were to be purchased in Canada by the firm, and sold in the United States, and in other places as should be found profitable. Each partner was to contribute capital for the purpose of carrying forward the business, and each was to be entitled to an equal share of the profits that might be realized in the partnership business, and each was to share her equal portion of any loss or losses that might be incurred or met in the operations of the said partnership. The business carried forward was actually under the supervision of the husbands of the three female partners, and the business was continued until the 1st day of February, 1892, when, by mutual consent, it was dissolved. Defendant's husband, David H. Judson, died on the 14th day of November, 1891. At the time of the dissolution there were certain moneys on deposit belonging to the firm, and there were certain demands and bills receivable uncollected. Plaintiffs, in their complaint, charge against the defendant, viz.: " That since the commencement of the business operations of said partnership, the defendant has, from time to time, received and applied to her own use, from the moneys, receipts and profits of the said co-partnership business, large sums of money, greatly exceeding the proportion thereof to which she was and is entitled, amounting in the aggregate to about the sum of $30,000, including interest, or thereabouts, the precise amount of which is more in the knowledge of the

defendant than the plaintiffs, and in order to conceal the same said defendant, who has. always had the keeping and management of the co-partnership books by and through her duly authorized agent, has falsified the account thereof by false entries and failure to properly balance and keep a true account of the transactions of said partnership firm, without the consent and knowledge of the other members thereof, and which defendant, although often requested so to do by plaintiffs, has neglected and refused to account for and pay to the plaintiffs his or her share thereof." It was alleged in the complaint that on the 19th of August, 1892, Mary A. Stroup assigned and transferred all her interest in and to the partnership, its assets and claims against the partners and other persons growing out of the partnership transactions, to her husband, George L. Munroe. And it is also alleged " that the said sums so claimed to be due from the said defendant to the plaintiffs aggregate $30,000 or thereabouts."

Complaint is made by the appellants of certain findings of fact made by the learned referee and stated in his report. A careful examination of the evidence leads to the conclusion that the material findings of fact made by the referee are supported by the evidence, or the proper inferences to be deduced therefrom. At about the time of the formation of the partnership it appears that the husbands of the partners were insolvent, or substantially so, and that they conceived the idea of the formation of the partnership and the transaction of the business in the names of their wives as such partners, and that to further that purpose three several powers of attorney were executed by the respective wives to the respective husbands authorizing them to transact any or all business for and in their behalf. After the execution of such powers of attorney, and the formation of the co-partnership as aforesaid, it was understood that George L. Munroe was to do the principal buying in Canada, and David H. Judson was to keep the books and manage the financial part of the firm's business at an office in the city of Oswego, and that Jacob Stroup was to sell the ashes and make collections. After the business of the firm commenced, the several husbands entered upon the discharge of their respective duties for and in behalf of said firm, and, at the close of each year, balance sheets or statements

of the affairs were prepared in behalf of said firm, and a copy inspected by each of the husbands from year to year, and upon the balance sheet it was indicated that one-third of the profits was to be distributed in accordance with the terms of the co-partnership. It seems to have been understood that $1,000 should be allowed by way of compensation to each of the husbands annually for their services rendered for the firm, and that the only provision made for the payment, or the only payment made, was through the medium of the partnership assets. It appears satisfactorily by the evidence that the defendant executed to her husband, David H. Judson, a power of attorney substantially like the other two, executed by the other wives to their husbands, and that, with the assent and knowledge of all the parties, the respective husbands acted as the agents of the firm in the transaction of the firm's business. It appears by the evidence that the partners personally gave little or no attention to the business, and that the great bulk of the business was transacted by the agents of the firm through the entire period of its existence. Undoubtedly the three wives, after the formation of the partnership, were capable of employing the three husbands to act as agents for and in behalf of the firm, and to clothe them respectively with power and authority to transact the firm's business. (*Martin* v. *Rector*, 101 N. Y. 77; *Knapp* v. *Smith*, 27 id. 277.) Upon the evidence and upon the facts found by the referee we think he was warranted in reaching the conclusion that the several husbands "were each agents of the partnership collectively and not of the individual partners" in the transaction of the business of the co-parnership. Under the evidence we think a finding would not have been warranted by the referee that each wife, in consenting to the firm's employing her husband as agent for the firm, guaranteed or undertook individually to and with such firm that the acts and doings of such agent for the firm should be performed with fidelity and honesty. On the contrary, the assumption seems to have been in behalf of the firm that the agents so employed should transact the business of the firm as employees of the firm without any undertaking or security being given to the firm for the faithful discharge of the duties arising from such agency. Undoubtedly the principals in the partnership had implicit confidence in the agents employed by the firm to transact the business of the firm. No evi-

dence is found in the appeal book indicative that the defendant had any knowledge of the peculations, abstractions or embezzlements carried forward during the existence of the co-partnership by her husband, and, although he was in some respects her agent to collect her rents on her separate property and assumed to act for her in respect to her private affairs, there is no evidence found to indicate that he had any express or implied authority from her to commit any of the wrongful acts which were perpetrated by him against the partnership, and in the perpetration of such acts he was acting entirely without the scope of his authority and his agency for her individually, and also beyond the scope of his authority for the firm and in violation of his duty to the firm; and the case seems to fall within the general rule that partners must contribute ratably "to their shares of the losses and debts of the firm," and as Judson was the accredited agent of the firm "the losses growing out of his defalcation and negligence" fall on the firm and not on the members thereof individually. He sustained a fiduciary relation to the partnership (*Holmes* v. *Gilman*, 138 N. Y. 369), and the evidence fails to disclose any adoption or ratification by the defendant of his wrongful acts.

In *Smith* v. *Tracy* (36 N. Y. 86), in the course of the opinion delivered by PORTER, J., he adds his approval to the language of Judge STORY, where he says: "No doctrine is better settled, both upon principle and authority, than this: That the ratification of an act of an agent previously unauthorized, must, in order to bind the principal, be with a full knowledge of all the material facts." The case in hand is quite distinguishable from *Henry* v. *Allen* (77 Hun, 49).

It seems quite manifest that when Judson wrongfully took from the firm funds, and concealed the fact by wrong entries on his books and appropriated the funds to his own use, either by directly paying out the same or depositing them in a bank to his own credit, that he was not engaged in any sense in the business of his wife or acting within the scope of any agency which she had created in her individual capacity as contradistinguished from her relation as a member of the firm. When he thus took possession of the funds of the firm and diverted them from the firm's use and ownership, he was acting in the service of the firm. The principal question involved has been very fully and very clearly discussed by the

learned referee and numerous cases cited in the opinion which he delivered, and the views already expressed, as well as those stated by the learned referee, lead to the conclusion that upon the essential proposition the conclusion reached by the referee should be sustained.

MARTIN and MERWIN, JJ., concurred.

Judgment affirmed, with costs.