(Supreme Court, Appellate Term, First Department. April 27, 1896.)

APPEALABLE ORDERS—REQUIRING PLEADING TO BE MADE MORE DEFINITE.

The general term of the city court of New York has power to review an order of the special term requiring an answer to be made more definite, by showing what is pleaded as a defense and what is counterclaim, though such order is discretionary. 37 N. Y. Supp. 1140, reversed.

Appeal from city court of New York, general term.

Action by the Garfield National Bank against George W. Kirchwey. An appeal by defendant from a judgment in favor of plaintiff was dismissed by the city court (37 N. Y. Supp. 1140), and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Hector M. Hitchings, for appellant.

John J. Adams, for respondent.

PER CURIAM. We decide in this case that the order must be reversed, upon the ground that the general term of the city court had the power to review the decision of the special term, although the order made at special term was one resting in the discretion of the court; that the general term had not only the power to review that order, but it was its duty to do so on appeal. Sprague v. Dunton, 14 Hun, 490; Peart v. Peart, 48 Hun, 79; Neresheimer v. Bowe, 11 Daly, 306.

The order of the general term is reversed, and the cause remitted to the general term, with directions to hear the appeal. Ten dollars costs and disbursements to appellant.

---

(17 Misc. Rep. 152.)

PRETZFELDER v. STROBEL et al.

(Supreme Court, Appellate Term, First Department. May 25, 1896.)

1. PARTNERSHIP—EVIDENCE OF—DECLARATIONS OF CO-PARTNER.

A declaration by a person that a certain other person is his partner does not charge such other person, who was absent when the declaration was made.

2. APPEAL—PARTIAL AFFIRMANCE.

    Where a complaint charges a liability against defendants jointly, and the finding is against both, though it appears that the claim sued on was the individual obligation of one of defendants, the judgment cannot be reversed as to one and affirmed as to the other.

    Appeal from Ninth district court.

    Action by Simon H. Pretzfelder against Casper Strobel and Anton P. Neusch to recover commissions for procuring a loan. There was a judgment in favor of plaintiff, and defendants appeal. Reversed.

    Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

    Samuel W. Wilson, for appellant Strobel.
    Wilson, Barker & Wilson, for appellant Neusch.
    Alexander & Ash, for respondent.

    McADAM, J. The plaintiff, a real-estate broker, sues to recover $220, being 1 per cent. commission on procuring a loan secured by first mortgage on property in East Sixteenth street, this city, belonging to the defendants. The action proceeded upon the theory that the defendants were partners, and that there was a joint employment by them of the plaintiff to perform the services rendered. There is no proof, however, that the defendants were partners, other than an admission testified to have been made by Strobel that Neusch was his partner,—a declaration which does not charge the latter, who was absent when the admission is said to have been made. Kirby v. Hewitt, 26 Barb. 607; McPherson v. Rathbone, 7 Wend. 216; Davidson v. Hutchins, 1 Hilt. 123. It is only after the partnership is shown to exist, by proof satisfactory to the court, that the admission of one of the parties is received in order to affect the others. 1 Greenl. Ev. § 177; Fogerty v. Jordan, 2 Rob. (N. Y.) 319. The Revised Statutes (1 Edm. St. at Large, p. 676, § 44) declare that "every estate granted or devised to two or more persons, in their own right, shall be a tenancy in common, unless expressly declared to be in joint tenancy." In the absence of proof to the contrary, it must, therefore, be assumed that the defendants owned the property as tenants in common, and as such Strobel's act in employing the plaintiff did not bind his co-tenant, Neusch. In Dobson v. Kuhnla (Sup.) 20 N. Y. Supp. 771, it was held that one tenant in common of an apartment house cannot bind the others by any contract respecting the property without the consent of the others. The court said: "A tenant in common is not like a partner who has power to make contracts for the partnership. His rights as tenant in common are distinct, and, in the absence of an express authority, he is not responsible for what another tenant in common does as to the property owned by both,"—citing Corning v. Nail Factory, 39 Barb. 325; McCready v. Freedly, 3 Rawle, 251. In the case last cited the plaintiff gave in evidence admissions made by one tenant in common that he had authority from the others to make the contract; but the court said: "The agency was wholly unproved, and, of course, the declarations of the assumed agent were inadmissible." See, also, People's Bank v. St. Anthony's Roman Catholic Church, 109 N. Y. 512, 17 N. E. 408; Deck v. Johnson, 1 Abb. Dec. 500. The

evidence sufficiently establishes that the plaintiff was employed by the defendant Strobel to procure a loan of $22,000 at 5 per cent. on the property, and that the plaintiff procured a person able and willing to make the loan at the rate stated, of which Strobel was notified. If he were the sole defendant, a cause of action would have been established. Egan v. Kieferdorf, 16 Misc. Rep. 385, 38 N. Y. Supp. 81. But the liability charged is against Neusch as well as Strobel, and the justice found against both as upon a joint liability, and there cannot be an affirmance as to one and a reversal as to the other. Pollock v. Webster, 16 Hun, 104; Bradley v. Shafer, 64 Hun, at page 432, 19 N. Y. Supp. 640; Goodsell v. Telegraph Co., 109 N. Y. 147, 16 N. E. 324; National Board of Marine Underwriters v. National Bank, 146 N. Y. 64, 40 N. E. 500. It is a fundamental rule that judgments shall be secundum allegata et probata, and, as was said in Day v. Town of New Lots, 107 N. Y. 148, 13 N. E. 915: "Any departure from that rule is certain to produce surprise, confusion, and injustice." Romeyn v. Sickles, 108 N. Y., at page 652, 15 N. E. 698.

The only conversation had with Neusch was when he accompanied Strobel, at the latter's request, to the broker's office, and said he would not take a loan of less than $23,000. The plaintiff's principal declined to loan that amount, whereupon the transaction fell through. It does not appear that Neusch had any notice or knowledge that Strobel had employed the plaintiff to procure the loan, or that there was any broker in the transaction, and the mere fact that he said he would not take less than $23,000 does not imply the knowledge necessary to hold him. He certainly did not acquiesce in what had been done, and a ratification to charge him must have been with full knowledge of all the material facts. Munroe v. Judson, 82 Hun, 215, 31 N. Y. Supp. 299; Smith v. Tracy, 36 N. Y. at page 86.

The judgment must be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.