## SUPREME COURT—IN BANCO.

### APRIL TERM—1876.

*Harris and Judd, J. J.*

Rex *vs.* F. T. Lenehan,—Appeal from Police Court.

A license issued by the government may be proved and its terms shown by the record book of licenses required by law to be kept by the Minister of Interior, and also by the copy which by statute is annexed the licensee's bond.

A prosecution for violation of a license naturally apprises the defendant that his license is required to be produced, or proved otherwise.

The testimony of a witness that he himself is a native born Hawaiian is aided by his personal appearance and language.

#### OPINION BY JUDD, J.

On the second day of June last, the defendant was con-

victed in the Police Court of Honolulu of the offense of selling and giving intoxicating liquors to native Hawaiians at a place called the "Royal Hotel," he being at that time a licensed retailer, and he was fined $300. He appealed to the Supreme Court in Banco on the following points of law:

1—There was no legal evidence adduced before the magistrate of the fact charged, that defendant held a license to vend spirituous liquor at retail at the time of the alleged sale to native Hawaiians.

2—There was no legal evidence that the persons to whom the liquor was sold were native Hawaiians.

On the first point—the magistrate certifies up, that the Chief Clerk of the Interior Department testified that he delivered a retail spirit license to defendant on the 26th of January, 1876, for the Royal Hotel, and he produced the application of the defendant for the same; the bond filed by him, and a copy of the license was objected to, whereupon the crown prosecutor gave notice to the defendant to produce the original. To which defendant made the objection that the notice to produce was not made in time.

The magistrate ruled that the notice was in time, as defendant was presumed to be in possession of his license and that unless the original was produced he should admit the copy in evidence. Original was not produced and the copy was admitted.

It was not necessary for us to decide in this case, whether the production of the original license itself was the only evidence or even the best evidence of the fact that defendant was at the time of the alleged sale a licensed vender of spirituous liquors. If the record required by law to be kept, to wit: the book of licenses designated in Section 28 of Chapter 41 of the Penal Code, had been produced, duly verified, and the entry shown of a license granted to defendant, his place of abode, the character of the license, the amount paid, and the date, it would have been sufficient

evidence of the fact that defendant then held such a license, if the year since granting his license had not expired. 3 Pick. 280, 19 Pick. 396. 12 Cash. 502.

In this case, however, the Clerk of the Interior Department produced the bond filed by defendant, and the copy of the license required by the statute form of the bond to be annexed to the bond. (See Section 26, Chapter 41 of Penal Code,) and this would seem to be sufficient.

But it is contended that the notice to produce the original license was not reasonable. Now whether a notice is reasonable or not is a question upon which the Court must exercise a sound discretion in reference to the circumstances of the particular case. 3 Wend. 296, 7 Cow. 739. 7 Wend. 216, 13 Wend. 505.

The nature of this action would naturally apprise the defendant that the government would charge him either with the possession of the license or that proof would be offered that such a license had been issued to him. The demand for it then could not have surprised defendant.

The Court notice also that the place of business, where this license authorized the vending of spirituous liquors, is described in the bond produced as the Royal Hotel, corner of Merchant and Nuuanu streets, Honolulu, being in the square adjoining the Police Court. This was quite accessible to the defendant and an opportunity was offered him to produce the original, which we must infer he declined to avail himself of, as the magistrate notes "original not produced." Under the circumstances, therefore, a delay of only say five minutes would have been necessary to enable the defendant to produce the license, and notice early in the trial was sufficient in this case, no disposition being shown by defendant of a willingness to produce it.

On the second point. The magistrate took the testimony of the several persons to whom the liquor was sold who swore that they were native Hawaiians, born in this King-

dom. But the magistrate had also the appearance of the witnesses to guide him in judging of their nationality, to wit: their complexion, language, &c., and we cannot presume that the only evidence which led him to the conclusion that they were native Hawaiians was the statement of each individual that they were such.

For this reason it is not necessary to rule upon the question as to whether the birth place of a person can be proved by his own statement. The appeal is dismissed.

Attorney General Castle for the Crown.

A. S. Hartwell and E. T. O'Halloran for defendant.

Honolulu, July 21st, 1876.