OLIVER B. WHITNEY, RESPONDENT, v. LAWRENCE E. WARDELL, APPELLANT.

*Evidence — as to copartnership, when hearsay and incompetent.*

In an action against the surviving member of the firm of Walter J. Caywood & Co. to recover on a promissory note made by it, the question at issue was whether the defendant Wardell was a member of the firm.

On the trial the plaintiff asked one of his witnesses: "Did you ever hear Walter J. Caywood say anything about Wardell's having an interest in the firm?" Which question was objected to on the ground that any statement by Caywood was not binding on the defendant unless made in his presence. To this question the witness was allowed to answer: "I had no conversation, except to ask him who was his partner, and he said Lawrence E. Wardell."

*Held*, that the evidence was hearsay and incompetent.

APPEAL by the defendant, Lawrence E. Wardell, from a judgment of the Ulster County Circuit, entered in the office of the clerk of the county of Ulster on the 28th day of October, 1889; and also from an order denying the defendant's motion to set aside the verdict and for a new trial made upon the minutes of the court, after a trial before the Ulster county judge and a jury, in the city of Kingston, on September 26, 1889.

*A. T. Clearwater* and *John Rusk*, for the appellant.

*A. H. Van Buren* and *Eldorus Dayton*, for the respondent.

LEARNED, P. J.:

This is an action to recover against defendant as surviving partner of the firm of W. J. Caywood & Co., on a promissory note of $200

made by said firm. The action was commenced in a Justice's Court, and after judgment there, an appeal was taken to the County Court where it was retried. A judgment was recovered for the plaintiff, and from that judgment and from an order denying a new trial the defendant appeals.

The only question was whether the defendant was a member of that firm. There was evidence to go to the jury on that point; and though the evidence was conflicting the County Court properly refused, so far as we see, a new trial on the ground that the verdict was against the evidence. It was, however, a closely-contested question of fact, and the defendant was entitled to have no other evidence admitted than such as legitimately bore on the issue.

The plaintiff asked one of his witnesses, Allerton, "Did you ever hear Walter J. Caywood say anything about Wardell's having an interest in the firm?" The defendant objected on the ground that the statement was not binding on him unless made in his presence. The objection was overruled and defendant excepted. The witness answered: "I had no conversation except to ask him who was his partner, and he said Lawrence E. Wardell."

This statement was no evidence against the defendant. There was a sharp conflict between plaintiff's evidence of defendant's admission that he was a partner and defendant's denial of such admission. Hence it was most important that no hearsay or inadmissible evidence should be received. We do not see how that statement of Caywood made out of court, and not in Wardell's presence, could be evidence against Wardell. Some other questions are raised on the appeal which need not be discussed here.

But in a case where the question of fact was so sharply contested this improper evidence may have done harm to the defendant. A jury might very naturally think that Caywood's statement that Wardell was his partner would bind the firm like the act of a partner, and that hence Wardell was, by the weight of evidence, shown to have been a partner.

The judgment and order must be reversed, and a new trial granted, costs to abide the event.

LANDON and MAYHAM, JJ., concurred.

Judgment reversed, new trial granted, costs to abide event.