## NATIONAL EXCHANGE BANK *v.* McFARLAN *et al.*

*(Supreme Court, General Term, Third Department. February 18, 1891.)*

RIGHT TO SEPARATE TRIAL.

    Under Code Civil Proc. N. Y. § 967, providing that "a separate trial between the plaintiff and one or more defendants　*　*　*　may be directed by the court, in its discretion," where the evidence against one of two defendants is not admissible against the other, but will probably have the effect of prejudicing the case of the latter with the jury, it is a proper exercise of discretion to direct separate trials.

Appeal from special term, Montgomery county.

Action by the National Exchange Bank of Albany against John McFarlan and John Carmichael. Plaintiff appeals from an order directing a separate trial between itself and each defendant.

Argued before LANDON and MAYHAM, JJ.

*Moak & Buchanan,* (*C. J. Buchanan,* of counsel,) for appellant. *W. L. Van Denbergh,* (*E. Countryman,* of counsel,) for respondent.

LANDON, J. The action is upon a promissory note made by Daniel Carmichael, and the defendants are sought to be charged as indorsers. Each defendant denies making the indorsement. The question of fact is whether the alleged indorsements are forged. The motion for a separate trial was granted upon the motion of the defendant McFarlan, and upon affidavits showing that there are many notes similar to the note in suit; that upon a trial already had upon one of these notes, to which the defendants interposed the like answers, much evidence was offered and received for the purpose of showing the genuineness of the indorsement of the defendant Carmichael, which was not admissible against the defendant McFarlan, but which the defendant and his counsel believe tended to prejudice the case of McFarlan in the minds of the jury. In this case the same evidence will probably be offered against the defendant Carmichael, and the defendant McFarlan will, it is believed by his counsel, be unjustly prejudiced by it. The order is a discretionary one. Section 967, Code Civil Proc., provides that "a separate trial between the plaintiff and one or more defendants　*　*　*　may be directed by the court, in its discretion." See, also, section 455. The learned justice who granted this order presided upon the trial upon the other similar note. He has presumably exercised his discretion in the light of the demonstration had before him of the danger to which McFarlan's rights are exposed by the failure of the jury to discriminate, as they ought, between the evidence which affects him and that which affects Carmichael. We can see from the affidavits that such danger is probable. Under the circumstances, we can hardly doubt that the order is right. Order affirmed, with $10 costs and printing disbursements.

---

## MORRIS *v.* CARMICHAEL *et al.*

*(Supreme Court, General Term, Third Department. February 18, 1891.)*

Appeal from special term, Montgomery county.

Argued before LANDON and MAYHAM, JJ.

*Moak & Buchanan,* (*C. J. Buchanan,* of counsel,) for appellant. *W. L. Van Denbergh,* (*E. Countryman,* of counsel,) for respondent.

LANDON, J. This order is like the foregoing, (*Bank* v. *McFarlan, ubi supra,*) and is for the same reasons affirmed, with $10 costs and printing disbursements.