EDWIN E. ARMSTRONG ET AL. v. WILLIAM H. POTTER
AND THOMAS J. GRISTOCK.

| 103 | 409 |
| 117 | 429 |

*Partnership—Evidence—Admissions—Estoppel—Instructions to
jury.*

1. An admission by one of two defendants, who are sued as part-
ners, that such relation exists, made in the absence of his co-
defendant, while not admissible to prove the partnership as
against the absent defendant, is admissible for that purpose as
against the defendant making the admission.

2. Where, in a suit against alleged partners, there is testimony
that each defendant has admitted the existence of the partner-
ship, it is proper to submit that question to the jury, even
though both defendants deny making such admissions, and
testify to facts which, if believed, show that they are not
partners.

3. In a suit to recover for goods sold by the plaintiffs to the de-
fendants, and upon a like claim which had been assigned to
them by a third party, the main question at issue was whether
or not the defendants were partners.  There was testimony
which, if believed, would estop the defendants from denying
the existence of the partnership as against the assignor of said
claim, but not as against the plaintiffs in their own right.
And it is held reversible error so to instruct the jury as to
allow them to apply said estoppel to both claims.

Error to Clinton.    (Daboll, J.)    Argued October 31,
1894.  Decided December 28, 1894.

*Assumpsit.*  Defendants bring error.  Reversed.  The
facts are stated in the opinion.

*Fedewa & Walbridge,* for appellants.

*H. M. High,* for plaintiffs.

HOOKER, J.    The plaintiffs obtained a judgment in an
action of *assumpsit* against the defendants, as partners,
from which the defendants appeal.

Upon the trial the plaintiffs called one Bryson as a witness, who testified that he loaned some money to defendant Potter, and upon that occasion Potter said to him (in the absence of Gristock) that—

"He [Gristock] is a partner of mine now, and I intend to buy him out when I get this money."

The court instructed the jury that this statement by Potter could not be used to bind Gristock, unless Gristock authorized Potter to say that he was a partner. The main point in controversy was the question of partnership, and we think the statements of one were not competent to prove the partnership against the other. But either partner had the right to make this defense, and both were making it. Both testified, in substance, that they were not copartners. The admission of Potter could not establish it as against Gristock, nor could that of Gristock be used to prove it against Potter, but the admission of each was evidence against the party making such admission. 2 Greenl. Ev. § 484. This testimony was competent, therefore, to show that Potter was a partner. Being admissible for that purpose, it was proper to receive it.

The court submitted the question of actual partnership to the jury, and this is said to be error. There was testimony that each defendant had admitted that they were in partnership. This justified the submission of the question to the jury, although it were true, as claimed, that both parties denied such admissions, and testified to facts which, if believed, showed that they were not partners.

The court instructed the jury that in one view of the case the defendants would be estopped from denying the partnership. This was based upon testimony that Potter introduced Clark, the traveling salesman of Herman Deitz, at the time he gave an order for goods, to Gristock as his partner, and that the fact was communicated to his employer before the goods were shipped, at a time when

Deitz was disinclined to let them go, because a former draft upon Potter had been returned unpaid. Being told that Gristock was a partner, he allowed them to be shipped. Subsequently (but at what time does not appear) Armstrong asked Clark if Deitz was still selling to Potter. Being told that he was, he asked who the company was, and was told by Clark that Gristock was; that he (Clark) had been introduced to him. The court truly said that this was evidence tending to show the partnership. He also said it might operate to bind Gristock by way of estoppel, on the familiar principle that one who knowingly permits himself to be held out to any person or the public as a partner is liable for debts incurred by the concern to persons who should give credit in reliance upon such representation. But this liability, if it exists at all, must be predicated upon the well-known rules of estoppel. It might bind him as partner as to sales by Deitz, but no further. There is nothing in this case to show that the defendants held themselves out as partners to Armstrong, or that they expected or knew that such information would or did reach him; nor does it appear that Armstrong sold any goods with knowledge of or in reliance upon such holding out. It should be stated that the plaintiffs' cause of [action consisted of both claims, Deitz having assigned his to the plaintiffs before action brought. This evidence did not warrant a recovery upon the Armstrong claim, on the ground of estoppel. The court said:

" If you find any goods were sold to them under the statement made and understanding had by these parties, or by their actions, or the actions of Gristock, that they were partners, or such actions as would lead the party to fairly believe it, and he acted upon it in good faith, they are liable."

We think it possible that the court understood this language to apply to the Deitz claim. But evidence had

been given by the plaintiffs with a view to making it applicable to the other claim, and counsel expressly called attention to the fact that in his opinion the charge went so far as to include both. The language was broad enough to cover both, and we think that the jurors would have naturally inferred that both were included.

We therefore feel constrained to reverse the judgment, and order a new trial. Ordered accordingly.

The other Justices concurred.