## FRANKLIN et al. v. HOADLEY et al.

(Supreme Court, Appellate Division, First Department. November 23, 1906.)

1. EVIDENCE—ADMISSIONS—INEFFECTUAL OFFER OF COMPROMISE.

Defendants formed a pool for the manipulation of certain stock, which turned out disastrously, after which it was agreed by the other defendants that defendant J. should make a written offer of compromise with the various brokers holding claims against J. on account of the transactions in question, and that defendant H. should agree to purchase within six months all of the stock held by such brokers at $90 a share, etc. The offer, which was denominated a "proposition for compromise," stipulated that it should not be operative unless concurred in by all parties to whom J. was indebted, and, after being submitted to and urged upon plaintiffs by H.'s counsel, was rejected. Held, that such proposition was an offer of compromise on the part of all the defendants, and, having been refused, was inadmissible against them.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 745, 746.]

2. SAME.

Where an offer of compromise made no admission of liability on the part of any of the members of a firm, or that a partnership existed between them, it was inadmissible as an admission of an independent fact.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 751.]

3. APPEAL—ADMISSION OF EVIDENCE—HARMLESS ERROR.

Where an unaccepted offer of compromise was erroneously admitted in evidence, in an action against members of a firm, the fact that one of them admitted that he made the offer of compromise, and explained why he did so, did not cure the error.

4. EVIDENCE—DEFENDANTS JOINTLY SUED—LIMITATION.

Where, in an action against three members of a firm, one of them failed to answer and became a witness in favor of plaintiffs, the erroneous admission in evidence of an unaccepted offer of compromise, as against the other defendants, could not be justified on the theory that it was competent against the defaulting defendant alone.

5. PARTNERSHIP—PROOF—EVIDENCE OF PARTNER.

On an issue as to the existence of a partnership, one of the partners was competent to prove that a partnership existed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, § 64.]

6. SAME—DECLARATIONS OF PARTNER.

A partnership cannot be proved by the mere declarations of a person that he is a partner or that others are partners except in so far as the declarations may bind the declarant as declarations against interest.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, §§ 69, 70.]

7. SAME—DECLARATIONS CONNECTED WITH PARTNERSHIP BUSINESS.

Where, in an action against a firm, prima facie evidence of the existence of a partnership had been introduced, declarations of one of the partners to plaintiffs when he gave them an order to buy stock, that the others were partners with him, and that he was buying the stock for the firm, was admissible, as a communication made in connection with the alleged partnership business, for the purpose of showing to whom plaintiffs gave credit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, §§ 69, 70.]

McLaughlin and Clarke, JJ., dissenting in part.

Appeal from Trial Term, New York County.

Action by William B. Franklin and another against Joseph H. Hoad-ley and another impleaded with Cyrus Field Judson. From a judgment in favor of plaintiffs, and from an order denying a motion for a new trial, defendants Hoadley and Leiter appeal. Reversed, and new trial granted.

See 91 N. Y. Supp. 100.

Argued before McLAUGHLIN, PATTERSON, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

George S. Graham, for appellant Hoadley.

Alton B. Parker, for appellant Leiter.

Edmund L. Mooney, for respondents.

HOUGHTON, J. The plaintiffs are stockbrokers, and, in April, 1902, by direction of defendant Judson, they purchased 1,000 shares of International Power Company Stock for an account designated "Cyrus Field Judson, Special," at a cost of nearly $300,000, and received only part payment therefor. The stock fell rapidly in price, and, Judson failing to complete the contract, the shares remaining in plaintiff's hands were sold on account, leaving a large balance due. This action is brought to charge Hoadley and Leiter therefor on the alleged ground that they were partners with Judson in a pool formed for the purchase and sale of International Power stock, and hence are liable for his con-tract. This partnership was denied by them, and was the principal issue litigated upon the trial.

Judson made no defense, and testified in behalf of plaintiffs that such partnership contract was in fact entered into and was in existence in March and April, 1902, and that the transaction was on account there-of; and to facts and circumstances tending to show that such relation existed at the time of the purchase. Other facts and circumstances were proved, tending to corroborate this claim, as well as certain acts and declarations of Hoadley and Leiter, tending to show that they deem-ed themselves partners with Judson in his buying and selling and manip-ulation of the stock. Toward the close of the manipulation Judson bought and sold many thousands of shares daily, and when the crash came by the precipitate decline of the stock on the 30th of April, he had contracts with several brokers for the purchase of a large amount of stock which he was unable to fulfill. Against the objection of Hoadley and Leiter, that the evidence was incompetent because it showed a pro-posed compromise of a disputed claim not accepted, the plaintiffs were permitted to prove that defendant Hoadley induced Judson to make an offer in writing to the various brokers holding claims against him on account of the transactions in the stock in question, to give his notes for them for the amounts of their several claims, together with a contract of defendant Hoadley to purchase such International Power Company stock as they held at any time within six months from date at $90 per share, a price higher than then prevailed, conditioned upon the agreement not to sell such stock at less than that price within the first three months of the stipulated time, to which it was testified that Leiter agreed, and, to carry out which, it was proved that Hoadley ex-

ecuted contracts to buy, and left them with his counsel and brother to deliver in case of acceptance. The offer was denominated a "proposition for compromise," and it was stipulated that it should not be operative unless concurred in by all the parties to whom Judson was indebted. The proposition was submitted to and urged upon the plaintiffs by Hoadley's counsel, and rejected by them as well as by the other brokers who were called together for the purpose of consideration of the offer. The submission of this offer to the assembled brokers was on May 21, 1902, and the summons in this action had been served on Hoadley two days before. Leiter was named as a defendant, although service had not been made upon him. One of the plaintiffs testified that when Judson opened the account he said that Hoadley and Leiter were interested with him, and by other evidence, it was proved that the defendants were consulting together as to the form and substance of the compromise offer as early as the 8th or 10th of May, before it was finally submitted, and hence all parties must have understood previous to its submission that claim was being made that the present contesting defendants were liable with Judson on his stock purchasing contracts.

We think the offer was not, as urged by respondents, that of Judson alone, but from the facts proved it was an offer of compromise on the part of Hoadley and Leiter as well, and that receipt of evidence concerning it, over their objection and exception, was error for which the judgment must be reversed. Offers made by way of compromise of a disputed claim in an ineffectual attempt at settlement are incompetent evidence against the party making them. Tennant v. Dudley, 144 N. Y. 504, 39 N. E. 644; Roome v. Robinson, 99 App. Div. 143, 90 N. Y. Supp. 1055. An unqualified admission of an independent fact, as such, made, not as a part of an attempted adjustment, but during an attempt at compromise, does not come within this rule, as is pointed out in Roome v. Robinson, supra; and respondents insist that their evidence comes within this exception. We fail to find the admission of an independent fact on the part of either Hoadley or Leiter made during the offer of compromise. The paper itself makes no admission of liability on the part of either, nor did either admit that he was liable, or that a partnership existed with Judson. The fact that Hoadley admitted he made the compromise, and explained why he made it, did not cure the error. The jury could reject his explanation and accept his admission that the offer was made, and the inference which they would naturally draw would be that the defendants Hoadley and Leiter offered to settle because they were liable, and because they were partners with Judson and could be made to pay. It was to prevent this improper deduction that the rule of evidence excluding unaccepted offers of compromise was created. A man against whom no legal liability exists may buy his peace, and the fact that he attempts to do so and fails, ought not and does not fasten liability upon him, for proof of his unsuccessful efforts in that direction has no place on a subsequent trial. The cases of Sweet v. Henry, 175 N. Y. 268, 67 N. E. 574, and Misner v. Strong, 181 N. Y. 163, 73 N. E. 965, are not to the contrary. In both of these cases evidence of an unaccepted offer of compromise was condemned, but the trials having been had before referees, it was con-

cluded the incompetent evidence did no harm. The present case was tried before a jury; and the evidence being so likely to be misapplied, especially in the absence of caution by the court, harm must be presumed to have resulted from its reception. Nor can the admission of the written offer and the facts attending its presentation to the plaintiffs and the other creditors be justified on the ground that they were competent as against Judson alone. There was no issue with respect to him. The paper and these facts were not relevant to anything to be established in the action as against Judson, for there was no occasion for establishing anything as to him. He had not answered, and, the action being for money only, the plaintiffs had a right to enter judgment against him by default. Many other alleged errors are urged by appellants, but it is unnecessary to consider them in view of the new trial which we feel constrained to order for the reasons pointed out. There is a class of evidence, however, that we deem it our duty to consider for the guidance of the court upon a retrial.

The plaintiffs were permitted to prove, against the persistent objection of defendants, declarations, and acts of one alleged copartner, in connection with the alleged partnership business, in the absence of the other claimed partners. In the main, we think this evidence was properly received. The plaintiffs proved by Judson the partnership agreement, or contract. The subject is not presented solely as relating to the admission in evidence of acts and declarations of an alleged partner. The proof was not confined alone to what Judson did, nor to what he declared or stated to third parties. The issue was as to the existence of a partnership, and Judson testified directly on that point. He was a competent witness to prove the fact of partnership. In treating of the nonadmissibility of evidence of acts and declarations to third parties, of an alleged partner, Judge Lindley says:

"It need scarcely be observed that the principle now under discussion does not apply to exclude the testimony of a partner deposing to the existence of the partnership between himself and another. Such testimony was not excluded even before the alternation of the law relating to the competency of witnesses and there is no pretence for excluding such testimony now." 1 Lindley on Partnership (4th Am. Ed.) p. 94.

In addition, other independent circumstances, which might in the judgment of the jury have fortified Judson's testimony, were also proven. Plaintiffs thus made prima facie proof of the existence of a partnership; and, having done so, it was competent to prove the acts and declarations of the several alleged partners while engaged in the partnership business. If the partnership had been admitted, the competency of such acts and declarations would not be questioned; for each member of a firm is its general agent in relation to all the business of the firm, and can bind it in what he says and does in transacting such business. Union Nat. Bank v. Underhill, 102 N. Y. 340, 7 N. E. 293; Randall v. Knevals, 27 App. Div. 146, 150, 50 N. Y. Supp. 748. It not being admitted, proof of the fact that it existed became necessary. Its existence could not be proved by the admissions or declarations of one that the others were partners. Such declarations are incompetent for that purpose. No rule is better settled than the one

that a partnership cannot be proved by the mere declarations of a person that he is a partner, or that others are partners with him, Mathiasen v. Barkin, 62 App. Div. 614, 70 N. Y. Supp. 770. The declarations, if against his interest, may bind the person making them, but they cannot establish the fact that others are his partners. It is in the application of this rule that confusion has arisen.

The declarations cannot establish the partnership after it has been established by proof aliunde, the declarations and acts of the prima facie partners in the management of the partnership business may be proved. Individuals who deny that the partnership relation exists are frequently sought to be charged as partners. The question of partnership then becomes an issue in the case, as well as the remaining one as to the extent of liability if the partnership be established. The issue of partnership, and all other issues, must necessarily be determined in the one action. There can be no separate determination with regard to the partnership and a judgment entered thereon. The issue as to the existence of the partnership, and the extent of liability, if the partnership exists, must all be determined on the one trial, resulting in one judgment. The acts and declarations of an actual partner while engaged in the partnership business being competent against all other partners, and it being necessary to determine a disputed partnership in the one action, as well as to ascertain the extent of liability if the partnership exists, necessity compels another rule, which is, that when prima facie evidence of the partnership has been given, the declarations and acts of the several proven partners connected with the partnership business while it is being carried on are competent evidence against the others: Harris v. Wilson, 7 Wend. 57; Fogerty v. Jordan, 2 Rob. 319; Nicholls v. Dowding, 1 Starkie, 81; Robins v. Warde, 111 Mass. 244; Conlan v. Mead, 172 Ill. 13, 49 .N. E. 720; Parsons on Partnership, § 129; 1 Greenl. on Ev. (15th Ed.) § 177; Abb. Trial Ev. (2d Ed.) 269; 1 Rice on Ev. 450. The rule is stated by the various judges and text-writers in various language, but all to like effect.

Mr. Greenleaf says:

"And, where it is sought to charge several as partners, an admission of the fact of partnership by one is not receivable in evidence against any of the others, to prove the partnership. It is only after the partnership is shown to exist, by proof satisfactory to the judge, that the admission of one of the parties is received, in order to affect the others."

Mr. Parsons uses this language:

"If the partnership exists, the question then is: Do the acts or the words refer to the business of the partnership? If so, it binds the firm. Thus, an admission by one partner [the partnership or joint liability having been proved or admitted] if a fact bearing on the issue of a case at bar, is admissible evidence. The partnership being proved aliunde, entries of account made by one partner during the existence of the firm are admissible evidence to charge all."

The rule is stated by Mr. Abbott as follows:

"After evidence of partnership, and of its scope as including the affairs in question, has been given, an admission or declaration made by one partner during the continuance of the partnership relation, and concerning the partner-

ship affairs during the relation, is competent against all, and has the same effect as if made by all."

Norton, J., in Robins v. Warde, supra, says:

"After a partnership is proved to exist, the acts and declarations of each partner, within the scope of the partnership business, are admissible against the others. * * * The rule is the same as in other cases of agency. The agency must be proved aliunde, and then the acts and declarations of the agent, within the scope of his authority, are binding upon the principal."

In Fogerty v. Jordan, supra, Monell, J., says:

"To render the admission competent, however, it must appear, by other evidence, that the partnership existed at the time to which the admissions refer, and in respect to which they are supposed to relate."

The rule is analogous to that, in an action for conspiracy, in which, after proof of the conspiracy has been given, the declarations of one conspirator may be given against his associates. Place v. Minster, 65 N. Y. 89. This rule does not permit the giving in evidence of mere bald declarations to third parties in no way connected with the business of the alleged partnership, as was the case in Nichols v. White, 85 N. Y. 531, and in Whitney v. Wardell, 59 Hun, 95, 13 N. Y. Supp. 110. If Harvey v. Walker, 59 Hun, 114, 13 N. Y. Supp. 170, can be said to be to the contrary, the decision was in violation of the rule, and should not be followed. Nor is there any difficulty in the practical application of this rule. It often happens in the trial of an action that it is necessary to instruct the jury that they must first determine a particular fact before considering evidence bearing on another issue in the case, and by instructing them that from the evidence aliunde the partnership relation must be determined, before considering the evidence of the acts and declarations of the proven partners, no injustice will be done and no evidence pertinent to one issue only will be improperly considered as bearing upon an issue to which it does not relate.

The plaintiffs having made prima facie proof of the partnership, and legally sufficient proof of that fact to raise a fair question for the jury, the evidence of the acts and declarations of the proven partners, while engaged in the proven partnership business, came within the rule which we have stated, and was competent and properly received. The declaration of Judson to the plaintiffs when he gave his order to buy stock, that Hoadley and Leiter were partners with him, and that he was buying it for the partnership, was properly received after the prima facie proof of partnership had been given, not only because it was a communication in connection with the alleged partnership business, but as showing with whom plaintiffs contracted, and to whom they gave credit. Even if there was a partnership, Judson could buy stock individually as well as for the partnership account. If the plaintiffs trusted him as an individual, being advised or knowing he was also a partner with others, they could not hold the partnership even if it existed; and the evidence was competent for the purpose of showing to whom credit was given. Judson's declaration that he was buying it for the partnership could not establish the partnership; but if the partnership was established by other proof, the evidence was material

at least in determining whether the plaintiffs dealt with the partner-
ship or with Judson alone. Rogers v. Murray, 110 N. Y. 658, 18
N. E. 261. The case is one of magnitude, necessarily occupying much
time in its trial. It is with the hope of relieving the retrial of some
of its burdens that we have gone beyond giving our reasons for re-
versing the judgment, and have elaborated the rule respecting a large
class of evidence pertinent to the action. The voluminous record has
been carefully examined, but our view that a new trial was a necessity,
we have purposely refrained from commenting upon the facts at
length, and have referred only to such as related to the question of
law involved.

The judgment and order should be reversed, and a new trial granted,
with costs to the appellants to abide the event.

PATTERSON and LAUGHLIN, JJ., concur.

McLAUGHLIN, J. (dissenting). I concur in the opinion of Mr.
Justice HOUGHTON, except in so far as he holds that the declara-
tions of Judson, that the appellants were his partners in the purchase
of the stock referred to, were admissible in evidence. The fact that
Judson employed the plaintiffs to purchase the stock of the Interna-
tional Power Company, upon which a loss was sustained, and to charge
the same to the account of "Cyrus Field Judson, Special," and that they
made such purchase and sustained the loss claimed, was not disputed at
the trial. The real, and substantially the only, question litigated was
whether the appellants were partners of Judson in such transaction,
and they were entitled to have this issue determined upon competent
evidence.

Judge HOUGHTON, in his opinion, concedes that the declarations
of Judson would be incompetent to determine this issue, but he says
prima facie evidence having been given that such partnership existed,
then such declarations became admissible; in other words, because
Judson testified that the appellants were his partners, that thereupon
his declarations, not made in the presence, or with the knowledge of
the alleged partners, or either of them—became admissible. But
admissible for what purpose? Obviously, either to corroborate the
testimony of Judson that the partnership existed or else to establish the
partnership. It is unnecessary to cite authorities to establish the prop-
osition that the testimony of a witness cannot be corroborated by his
unsworn declarations, made without the knowledge or consent of the
person against whom they are sought to be used. This is elemen-
tary. That the declarations of one party that another is his partner
is no evidence whatever, except as against the one making the same, to
establish such partnership, where such declarations are not made in the
presence or with the knowledge of the alleged partner, is established
by numerous authorities, among which the following may be read with
interest: McPherson v. Rathbone, 7 Wend. 216; Thorn v. Smith, 21
Wend. 365; Whitney v. Ferris, 10 Johns. 66; Kirby v. Hewitt, 26
Barb. 607; Whitney v. Wardell, 59 Hun, 95, 13 N. Y. Supp. 110; Har-
vey v. Walker, 59 Hun, 114, 13 N. Y. Supp. 170; Uhler v. Browning,

28 N. J. Law, 79; Degan v. Singer, 41 Ill. 28; Gardner v. Northwestern Mfg. Co., 52 Ill. 367; Bishop v. Georgeson, 60 Ill. 484; Robins v. Warde, 111 Mass. 244; McNeilan's Estate, 167 Pa. 473, 31 Atl. 727; Armstrong v. Potter, 103 Mich. 409, 61 N. W. 657; Bundy v. Bruce, 61 Vt. 619, 17 Atl. 796; Cowan v. Kinney, 33 Ohio St. 422; Butte Hardware Co. v. Wallace, 59 Conn. 336, 22 Atl. 330; Dutton v. Woodman, 9 Cush. (Mass.) 255, 57 Am. Dec. 46, and in addition see Vanderhurst Sanborn & Co. v. De Witt (Cal.) 30 Pac. 94, 20 L. R. A. 595, and cases cited in note.

The rule which excludes such declarations, and the reason upon which it is based, is well stated by Bigelow, J., in Dutton v. Woodman, supra, as follows:

"The authority of Thurston and I. F. Woodman to bind E. W. Woodman by their statements and declarations depends entirely upon the existence of the copartnership. Until that was proved, E. W. Woodman was not shown to have had any connection with either of them and as that was the point in controversy before the jury, to be determined by their verdict, evidence which would be admissible only upon the assumption of the existence of the copartnership was clearly incompetent when offered to prove the fact upon which its competency depended."

Here, as already indicated, substantially the only issue was whether Hoadley and Leiter were partners of Judson in the transaction referred to in the complaint. Judson's declarations to establish that fact were incompetent and should have been excluded. Objection was seasonably made to their admission in evidence, and at the close of the plaintiffs' case an appropriate motion was made to strike out such evidence, which was denied, and an exception taken. The case was sent to the jury with instructions that they must determine whether such partnership existed from all the evidence in the case. In admitting this class of evidence, the trial court erred, and for such error there must also be a new trial.

CLARKE, J., concurs.