FRANKLIN et al. v. LEITER et al.

(Supreme Court, Appellate Division, First Department.　March 22, 1912.)

1. TRIAL (§ 3*)—SEPARATE TRIAL OF ISSUES—RIGHT TO.
　　The discretion of the Supreme Court, under Code Civ. Proc. § 967, to allow a separate trial of issues, should be exercised on motion of a defendant in an action to recover losses sustained by plaintiff as the broker of a pool or partnership, in which such defendant was charged to have been a member, for a separate trial as to his partnership with the other defendants, where three former trials proved futile, and much difficulty had been found in so instructing the jury and qualifying the admission of evidence competent against one defendant, but incompetent against the moving defendant, unless he was a partner, as to fairly try the question of partnership.
　　[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 6, 7; Dec. Dig. § 3.*]

2. EVIDENCE (§ 43*)—JUDICIAL NOTICE—RECORDS OF COURT.
　　The Appellate Division takes judicial notice of its own records on former appeals in the cause.
　　[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 62–65; Dec. Dig. § 43.*]

3. TRIAL (§ 3*)—SEPARATE TRIAL OF ISSUES—MOTION—TIME FOR MAKING.
　　It is no valid objection to allowance of a separate trial of an issue that motion therefor was not made until after three trials in the cause.
　　[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 6, 7; Dec. Dig. § 3.*]

Appeal from Special Term, New York County.

Action by William B. Franklin and another against Joseph Leiter and others. From an order denying a separate trial, defendant Leiter appeals. Reversed, and motion granted.

See, also, 145 App. Div. 228, 130 N. Y. Supp. 47.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Charles Thaddeus Terry, for appellant.
Edmund L. Mooney, for respondents.

SCOTT, J.　The action is to recover losses sustained by plaintiff as the broker of a pool or partnership, said to have been composed of appellant, Joseph H. Hoadley, and Cyrus Field Judson, which was engaged in the year 1902 in dealing speculatively in a certain stock. A sharply contested issue in the case is whether or not appellant was in fact a partner or coadventurer with the other defendants, and therefore liable as principal for the orders given by them.　The action has been tried three times, and has each time resulted in a judgment against all the defendants, and each judgment has been reversed in this court.　Each trial has taken a considerable time, and the greatest difficulty has been found in so instructing the jury and qualifying the admission of evidence, competent against Hoadley, but incompetent against appellant, unless he was a partner, as to fairly try the question of partnership.

[1-3] The appellant's motion for a separate trial of the question

whether or not he was a partner is made under section 967, Code of Civil Procedure, which gives sufficient authority for the motion, if in the discretion of this court it should be granted. Nat. Exchange Bank v. McFarlan, 13 N. Y. Supp. 202 (memorandum report, 59 Hun, 618). While we scarcely share in appellant's optimistic belief that the trial of this issue will be very brief, still we consider that in the interests of justice the motion should have been granted. From our knowledge of the case, based upon our own records of the former appeals, of which we may take judicial notice, we are persuaded that it will be very difficult, if not almost impossible, to arrive at a satisfactory and just result by continued attempts to try the cause upon the lines which have heretofore prevailed. At all events, the determination as to appellant's liability as a copartner should go far to shorten and simplify the trial of the remaining issues in the case. Under the circumstances it is not a valid objection to the motion that it was not made until after the cause had been thrice tried. It is the very fact of these three futile efforts to try all the issues together which justifies the motion.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion granted. Settle order on notice. All concur.