(78 Misc. Rep. 401.)

### MANHATTAN TOP & BODY CO. v. WHITE CO.

(Supreme Court, Appellate Term, First Department. December 6, 1912.)

1. TRIAL (§ 198*)—INSTRUCTIONS—ADMISSIONS.

In an action for the purchase price of a chattel, where the reply admitted the warranty stated to have been breached in the answer, a requested instruction that such warranty was made was erroneously refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 467–470; Dec. Dig. § 198.*]

2. EVIDENCE (§ 213*)—ADMISSIONS—COMPROMISE.

Though an admission of an independent fact included in an offer of compromise is not thereby incompetent, the offer itself or that an offer was made is not admissible to raise an inference of liability.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 745–751, 753; Dec. Dig. § 213.*]

Appeal from City Court of New York, Trial Term.

Action by the Manhattan Top & Body Company against the White Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Charles M. Russell, of New York City (Walter L. Post, of New York City, of counsel), for appellant.

Nathan Vidaver, of New York City, for respondent.

PAGE, J. The action was brought to recover the agreed value of a limousine body that defendant had selected in the store of the plaintiff, and for work, labor, and services in mounting the same upon a chassis. The answer admits the sale and delivery, but sets up as a separate defense a breach of warranty and a counterclaim for damages by reason of the breach of warranty. The plaintiff in its reply did not deny the making of the warranty, nor that the order was given by the defendant relying upon such warranty. The body was purchased to be fitted upon one of the defendant's chassis for delivery to a customer of defendant. The car was returned to the defendant by its customer because of many alleged defects in the body, and by reason of the improper manner of assembling the parts in placing the body on the chassis. The car was returned to the plaintiff several times for the purpose of having these defects corrected, but defendant's witnesses testified that the defects were not obviated. The customer refused to accept the car from the defendant, and defendant tendered the body to the plaintiff who refused to receive it, and brought this action. The case was tried, and resulted in judgment for the plaintiff upon the verdict of the jury.

[1] Upon the trial the defendant's attorney requested the court to charge the jury:

"That it is admitted that at the time of the said sale the plaintiff did warrant and represent the said body to be in a first class condition, to be in every way suitable for the purpose for which it was purchased, and did

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

promise and agree that the body would be painted in a proper and sufficient manner and that the defendant, relying upon said warranty and representation and upon the professed ability of the plaintiff to properly manufacture, mount, and paint the said body, did give the order therefor to the plaintiff."

This proposed charge was quoted word for word from paragraphs 4 and 5 of the answer which are incorporated into the counterclaim and admitted by the reply. The defense was entitled to have the jury instructed as a matter of law that there was such a warranty which the plaintiff was obliged to fulfill, and the court's refusal not only left for their determination a question which was admitted by the pleadings, but would be very likely to create an impression on the minds of the jury that no such warranty applied.

[2] The appellant calls attention to another error which was more serious than the refusal to charge. The plaintiff's witness, Charles Heintze, was permitted, over the objection of defendant's attorney, to give evidence of an offer on the part of the defendant to compromise the dispute by returning the limousine body and paying $200. As a matter of public policy to encourage the amicable settlement of differences without litigation, it has long been the rule of the law to allow men to make offers of compromise to one another freely and without fear of jeopardizing their position by having the offer later proved against them as declarations against interest. It is accordingly held that, though an admission of an independent fact included in an offer of compromise is not thereby rendered incompetent, the offer itself, or the fact that an offer is made, is not admissible in evidence for the purpose of raising an inference of liability. Tennant v. Dudley, 144 N. Y. 504, 39 N. E. 644; Union Bank of Brooklyn v. Deshel, 139 App. Div. 217, 123 N. Y. Supp. 585. In Franklin v. Hoadley, 115 App. Div. 538, 101 N. Y. Supp. 374, the rule is well stated as follows:

"Offers made by way of compromise of a disputed claim in an ineffectual attempt at settlement are incompetent evidence against the party making them."

And in Roome v. Robinson, 99 App. Div. 143, 90 N. Y. Supp. 1055, the Appellate Division of this department said:

"The only kind of an admission made during an attempt at compromise which can be received in evidence is where there was a distinct unqualified admission of an independent fact made, not as a part of an attempted adjustment, but because it was a fact."

The learned justice at the trial admitted the evidence of defendant's offer of compromise as a declaration against interest. For this purpose it was clearly inadmissible and improper.

Because of these errors, the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

LEHMAN, J., concurs. HOTCHKISS, J., concurs in the result.